WILLIAM L. JAMES, Plaintiff and Respondent, v. V. K. V.
LUMBER COMPANY, GLACIER GENERAL ASSURANCE
COMPANY, and INDUSTRIAL ACCIDENT BOARD, De-
fendants and Appellants.

No. 10867
Submitted January 11, 1965. Decided April 21, 1965.
Rehearing denied May 11, 1965.
401 P.2d 282

Erwin L. Anzjon (argued), Missoula, for appellant.

Richard J. Conklin (argued), White Sulphur Springs, for
respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment in an Industrial Accident

case. The district court heard the matter on appeal from a denial of a claim by the Industrial Accident Board. The district court reversed the Industrial Accident Board and made findings of fact and conclusions of law.

The claimant was employed by V. K. V. Lumber Company as a lumber stacker. The alleged injury occurred on March 28, 1963, as the claimant bent over to pick up a block of wood weighing ten or fifteen pounds, and in bending over felt a pain in his back. The claimant finished the work shift; he could hardly get out of bed the next morning, and went to see a doctor. He continued to work until April 1. He continued to go to a doctor. Examination revealed no serious type of back injury. It was diagnosed as "lumbosacral strain."

Claimant worked during part of April and was able to return to work May 13, 1963.

On May 20, 1963, he filed a claim for benefits. His claim was denied on the ground he had not suffered an "industrial accident."

A hearing was held at White Sulphur Springs on July 16, 1963. On August 12, 1963, the Board made findings of fact and conclusions of law and made an order denying the claim. Petition for rehearing was denied. The claimant appealed to the district court.

At the hearing on the appeal, the court desired further testimony. Written interrogatories were answered by claimant in Dawson, Illinois, but before they were signed the claimant died.

On February 26, 1964, the district court made findings, reversing the Board, allowing the claim and returned the claim to the Board for further administration as may be necessary. This appeal followed.

The problem presented is whether under R.C.M.1947, § 92-418, an industrial accident was shown.

The Industrial Accident Board found as a fact that "at no time was there any tangible happening of a traumatic nature

from an unexpected cause resulting in injury to the claimant." The district court made no finding contrary to the Board's finding but did find: "That while so engaged, claimant bent over to pick up a block of wood weighing ten or fifteen pounds and in bending and picking up the block felt a pain and a snapping in his back."

The claimant was doing his regular work, the same work he had been doing for a year. His regular work required him to turn and pick up blocks.

There is no evidence of any external force.

R.C.M.1947, § 92-418, defines injury as follows:

*"Injury or injured defined.* 'Injury' or 'injured' means a tangible happening of a traumatic nature from an unexpected cause, resulting in either external or internal physical harm, and such physical condition as a result therefrom and excluding disease not traceable to injury."

In Lupien v. Montana Record Publishing Co., 143 Mont. 415, 418, et seq., 390 P.2d 455, 457, we discussed the effect of the 1961 amendment to the law redefining "injury." We compared the new and the old definition and said:

"As pointed out, the old phrase 'fortuitous event' included either (1) an unexpected *cause or,* (2) an unexpected *result,* whereas the new phrase is limited to a 'tangible happening of a traumatic nature from an unexpected *cause.'*

"The foregoing is not a play on words; rather, the distinction is the very heart of the problem as exhibited by our previous cases."

Probably to best analyze the problem, a quotation from respondent's brief will aid. There it is said in discussing the Lupien case: "As this court noted in the Lupien case there had been no tangible happening from an unexpected cause. In this cause the tangible happening, the lumbosacral strain from the unexpected cause, lifting a fifteen pound block, occurred * * *."

As seen, respondent-claimant asserts the lifting of a fifteen

pound block as the unexpected cause. This, of course, is not so. Lifting the fifteen pound block was expected and done routinely and expected of him. As said in the Lupien case, supra, 143 Mont. at 419, 390 P.2d at 458:

"Even so, accepting the district court's version of the record, the 'tangible happening of a traumatic nature from an unexpected cause' was not present. Everything done by Lupien was expected of him and by him. It was his work to do just as he was doing and in varying degrees just as he had been doing for some twenty-seven years."

It appears then that the conclusion must be the same as in the Lupien case. There simply was no "tangible happening of a traumatic nature from an unexpected cause."

Since our decision in the Lupien case, the Thirty-ninth Legislative Assembly has met. We note that at least three bills were introduced in the Senate, Senate Bills Nos. 94, 48 and 206, each of which had as their purpose a change in the definition of injury contained in section 92-418. Senate Bill No. 94, as introduced, would have changed the definition, but later was amended and enacted into law, re-enacting section 92-418 just as it was when the Lupien case was decided; Senate Bill No. 48 and Senate Bill No. 206 would have redefined injury; Senate Bill No. 206 would have included "strains" in the definition. Both measures were killed. Thus, we have a legislative consideration of the very definition involved.

For the foregoing reasons the judgment of the district court is reversed.

MR. CHIEF JUSTICE HARRISON:

I concur in the foregoing opinion of Mr. Justice Castles.

Mr. Justice Adair by his dissent does not agree with the legislature's definition of "injury," but I feel our duty is not to substitute our judgment for theirs, but to apply the law as it is written.

Mr. Justice John C. Harrison likewise does not agree with the definition of "injury" as set forth in section 92-418, R.C.M.

1947, and quotes from Dosen v. East Butte Copper Mining Co., 78 Mont. 579, 254 P. 880. That quotation was before the court in Kerns v. Anaconda Copper Mining Co., 87 Mont. 546, 549, 289 P. 563, 564, and the court stated:

"The theory of the Workmen's Compensation Act (Rev. Codes 1921, § 2816 et seq. [now R.C.M.1947, § 92-101 et seq.], as amended) is that loss occasioned to an employee, by reason of an injury, shall not be borne by him alone but directly by the industry and indirectly by the public, and to accomplish the result intended, its provisions must be liberally interpreted. Dosen v. East Butte Mining Co., 78 Mont. 579, 254 P. 880. However, while every provision of the act will be liberally construed in order to carry out its humanitarian purpose and such compensation as the act permits will at all times be awarded, the Industrial Accident Board and the courts are bound by the provisions of the act and cannot award compensation in a case for which no provision is made in the act (Page v. New York Realty Co., 59 Mont. 305, 196 P. 871), or disregard the plain provisions of the act (Chmielewska v. Butte & Superior Min. Co., 81 Mont. 36, 261 P. 616).

"The act is not framed on the theory of life insurance for employees, but on that of compensation for injuries sustained in the course of employment. Landeen v. Toole County Refining Co., 85 Mont. 41, 277 P. 615. In each case arising under the act, the burden rests upon the claimant to establish by a preponderance of the evidence that the injury or death resulted (a) from an industrial accident (b) arising out of and (c) in the course of employment. Wirta v. North Butte Mining Co., 64 Mont. 279, 210 P. 332, 30 A.L.R. 964; Nicholson v. Roundup Coal [Mining] Co., 79 Mont. 358, 257 P. 270."

MR. JUSTICE DOYLE concurs.

MR. JUSTICE ADAIR dissenting:

On March 28, 1963, William L. James, while performing his assigned duties as a lumber stacker for and in the employ of

the V. K. V. Lumber Company, sustained and suffered most painful injuries to his back. On the following morning and because of his back injuries he was scarcely able to get out of his bed. Thereupon James promptly consulted and was examined and treated by a medical doctor following which James continued to work for his aforesaid employer for three more days, being until April 1, 1963, when he ceased work until May 13, 1963, when he once more resumed his work for and with the V. K. V. Lumber Company, but seven days later, to-wit, on May 20, 1963, the injured employee, William L. James, filed with the Montana Industrial Accident Board his claim for benefits which claim was denied by the Board on the alleged ground that the workman James had not suffered an "industrial accident."

On July 16, 1963, the Board made its findings of fact and conclusions of law and issued an order denying the injured workman's claim for benefits. Next, the injured workman petitioned the Board for a rehearing on his claim which petition and request the Board denied.

Thereupon the injured workman James appealed to the District Court of the Fourteenth Judicial District of the State of Montana, and at the hearing on the appeal the District Court sought additional testimony regarding the accident and injuries resulting therefrom, which was supplied in writing by the injured claimant, William L. James, but before the injured claimant could sign the answers given by him to the interrogatories submitted, such injured claimant died.

Following claimant's death the District Court made its findings reversing the Industrial Accident Board, and on February 26, 1964, allowed the claim of the deceased claimant James.

Now, on the instant appeal by the employer, V. K. V. Lumber Company, by the insurance carrier, Glacier General Assurance Company, and by the Industrial Accident Board of Montana, the judgment rendered by the District Court of the Fourteenth Judicial District is reversed and the claim made by the injured

employee, William L. James, now deceased, is denied upon the authority of this court's decision in the case of Lupien v. Montana Record Publishing Co., 143 Mont. 415, 416, et seq., 390 P.2d 455, wherein this court reversed the judgment rendered by the District Court of Lewis and Clark County awarding workmen's compensation to the widow of an employee of twenty-seven years who died on the job and "while expending approximately twice the physical effort that it was customary for him to use in doing his work."

I registered my dissent to this court's opinion in Lupien v. Montana Record Publishing Co., supra, and I now register my dissent to this court's opinion in the instant case of James v. V. K. V. Lumber Company, Glacier General Assurance Company, and the Industrial Accident Board.

In my opinion the judgment of the District Court of the Fourteenth Judicial District with the Honorable Nat Allen, District Judge presiding, was correct and such judgment should be affirmed.

MR. JUSTICE JOHN C. HARRISON dissenting:

I dissent.

I believe that as a result of the amendment passed by the 1963 Legislature, section 92-418, R.C.M.1947, that we are endangering the original intent of the Legislature when it passed workmen's compensation legislation in not providing coverage to a man injured on the job in the performance of his assigned tasks. Chief Justice Callaway in the case of Dosen v. East Butte Copper Mining Co., 78 Mont. 579, 254 P. 880, in reviewing the objectives of the Workmen's Compensation law said:

"* * * It is sufficient for present purposes to call to mind that the object sought was to substitute for the imperfect and economically wasteful common-law system by private action by the insured employee for damages for negligent fault on the part of the employer, which, while attended with great delay and waste, compensated those employees only who were able to

establish the proximate connection between the fault and the injury, a system by which every employee in a hazardous industry might receive compensation for any injury suffered by him arising out of and during the course of the employment, whether the employer should be at fault or not, except only when the injury should be caused by the willful act of the employee. In other words, the theory of such legislation is that the loss occasioned by reason of injury to the employee shall not be borne by the employee alone—as it was under the common-law system—but directly by the industry itself and indirectly by the public, just as is the deterioration of the buildings, machinery, and other appliances necessary to enable the employer to carry on the particular industry. To every thinking person the object sought commends itself not only as wise from an economic point of view, but also as eminently just and humane."

I, too, believe that Judge Allen was correct in his findings of fact and conclusions of law and that he should be affirmed.