HOWARD F. PHELAN, Plaintiff and Appellant, v. LEONARD A. and BETTY VOGEL, Employer and Glacier General Assurance Company, Defendants and Respondents.

No. 11201.
Submitted November 10, 1966. Decided December 29, 1966.
422 P.2d 80.

Robert L. Kelleher, Billings, for appellant.

Crowley, Kilbourne, Haughey, Hanson and Gallagher, Gareld F. Krieg, Billings, for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

The appellant filed a claim for workmen's compensation and medical benefits for disability allegedly resulting from an injury on October 15, 1965, in course of employment by respondents, Leonard A. and Betty Vogel. The respondents were insured under Plan II of the Workmen's Compensation Act of the State of Montana. Glacier General Assurance Company is the insurance carrier.

Testimony was submitted to the Industrial Accident Board by deposition. The Board dismissed the claim on the ground that appellant had not sustained an injury on October 15, 1965, as defined in section 92-418, R.C.M.1947, as amended. On appeal to the district court, the Board's findings and conclusions were affirmed, and the court entered judgment denying and dismissing the claim. This appeal is from the district court judgment.

For purposes of this case, it is important to detail a timetable of events beginning on September 20, 1961. Appellant was injured in an industrial accident on September 20, 1961, while employed at Elk River Concrete Products Company, a Plan III Workmen's Compensation employer. Appellant received a serious back injury in that accident and underwent surgical treatment consisting of a laminectomy and spinal fusion and removal of a herniated nucleus pulposus between L-4 and L-5. The fusion was at the L-4—L-5 level, and L-5 sacrum level. Appellant has never completely recovered from the surgical procedure. On a number of occasions he has had

recurrent painful episodes involving his back, for which he has on several occasions been hospitalized. The record shows that after the laminectomy and fusion in November, 1961, appellant continued to have troubles with his back which he referred to as "pinched nerves." In September or October, 1962, he attempted to lift a car off of one of his children, and was in the hospital for about a week. Appellant stated in his deposition taken for the Industrial Accident Board that "it felt like my fusion went out." In early 1963, appellant slipped and fell on some ouside basement stairs. Again he said it felt like he pulled a muscle or pinched a nerve in the lower part of his back.

In 1963, appellant went to the Mayo Clinic. At the time of his examination by the clinic doctors, clinic correspondence with the Industrial Accident Board and Dr. Hayward, appellant's local physician noted: "* * * Mr. Phelan [appellant] stated that his back was not painful, but that any activity such as heavy lifting aggravated pain in the lumbar area." No specific treatment was recommended and no further surgery was justified, particularly in view of appellant being a hemophiliac.

Then, in November, 1963, while working for the City of Billings, appellant was bothered again by a nerve in the lower part of his back after doing some lifting. Again, in the summer of 1965, when he attempted to work for Roscoe Steel Products, doing some lifting, his back hurt him. Dr. Hayward, in his report to appellant's counsel dated December 1, 1965, said that appellant "began having some troubles in October, 1965, when he began to work for a roofing company. He stated he noted some difficulties with his back after lifting buckets of tar, et cetera. He was able to put up with it until October 15th when he was tearing up a roof following which he noted low back and bilateral lower extremity pain, especially on the left side."

The appellant has been reciving workman's compensation from the State of Montana as a result of the injuries received

in his accident of September 20, 1961. He has received partial lump sum advances in the amount of $11,149.15 in payment of all compensation to and including January 23, 1968. Also, pursuant to the order of the Industrial Accident Board, the affirmance of which by the district court is in issue on this appeal, appellant has been paid by the state fund sixteen weeks compensation at the rate of $50.00 per week covering the period October 15, 1965, to January 29, 1966, plus bi-weekly payments since January 29, 1966.

Since undergoing the spinal surgery, the appellant has undertaken some employment. In October, 1965 he started working for respondent, Leonard Vogel. His duties on October 15, 1965, consisted of helping Mr. Vogel and another employee, Sam Reiter, a brother-in-law of appellant, remove an old roof from a tank at Continental Oil Company in Billings. The roof consisted of "Fresco Board," together with felt and gravel. The labor entailed breaking up by hand the large pieces of the roof composite and shoveling the pieces off the tank onto a truck.

Appellant, Reiter, and Vogel were all working on removing the roof, and all worked throughout the day. Vogel, on one or two occasions temporarily left the other two men to drive a load of the material removed from the top of the roof to the dump.

The appellant testified that most of the material he was attempting to tear off of the roof was light. He asserts that while trying to remove an unusually large piece of material he hurt himself. At the time the deposition was taken he did not specify the exact weight of the piece he attempted to tear off; but he did testify that the piece was about three times larger than the counsel table situated in the district courtroom. At trial, appellant said the small pieces weighed around 30 to 40 pounds while the large piece he attempted to lift weighed from 300 to 500 pounds.

No one witnessed the alleged accident. Mr. Vogel was not on the roof at that particular time. Appellant's brother-in-law

Reiter, testified that appellant complained that his back "was about killing him off" and thought that this was sometime in the morning. This statement made by appellant to Reiter was made an hour or an hour and a half after Reiter had observed appellant picking up the Fresco Board with his hands.

At the end of the working day Mr. Vogel drove appellant and Reiter to their homes. Appellant testified that he did not mention to his employer Vogel that he had hurt his back while working on the tank that day.

Appellant was admitted to the hospital on October 17, 1965, with a diagnosis of acute low back sprain. In early November, 1965, myelographic studies were carried out which revealed a herniated nucleus pulposus at the L-4, L-5 level on the left side, which was the same area at which a disc had previously been removed, and at which the spinal fusion had broken down. Further surgery was recommended by the doctor, but because the patient had a bleeding tendency, it was recommended that the surgery be performed at the Mayo Clinic where larger supplies of whole blood would be available.

In denying and dismissing appellant's claim the Board concluded that "there was no fall, twist, sprain or unusual exertion immediately preceding the onset of the back pain, and that the claimant was carrying on his regular employment in the normal manner, and that nothing observable happened to cause injury to his back." The Board continued by saying appellant did suffer further disability arising out of his accidental injury of September 20, 1961, and accordingly awarded additional compensation from the state fund which was paid and accepted.

There are two specifications of error: (1) Did the district court err in its finding of fact that there was no fall, twist, sprain or unusual exertion before the onset of appellant's back pain? (2) Did the district court err in its conclusion of law that the appellant did not on October 15, 1965, suffer injury by reason of a tangible happening of traumatic nature from an

unexpected cause arising out of and in course of his employment?

Appellant contends he was lifting a very large piece of material when he experienced back pain. He claims that this constituted an injury from an unexpected cause, thus coming under the purview of section 92-418, R.C.M.1947, as interpreted by Lupien v. Montana Record Publishing Company, 143 Mont. 415, 390 P.2d 455, and James v. V. K. V. Lumber Company, 145 Mont. 466, 401 P.2d 282.

The Industrial Accident Board after hearing appellant's claim for compensation, and the district court after examining the record certified to it by the Board and accepting additional evidence held that the appellant's disability was the result of the accident on September 20, 1961. In Newman v. Kamp, 140 Mont. 487, 374 P.2d 100, this court, citing cases, declared that its duty is to determine whether there is any substantial evidence in the record to justify the conclusions of the lower court. There is substantial evidence in this case to affirm the district court decision. Appellant by his own testimony has had continuous trouble with his back since the accident on September 20, 1961. As the record shows he even had had back trouble a few days prior and up to October 15, 1965. Both Mr. Reiter and respondent Vogel testified that they were doing nothing out of the ordinary in their job on October 15, 1965. Appellant acknowledges that while working that day he had been pulling up the roofing and throwing it over the side, sometimes using a shovel to break the material loose and sometimes picking it up with his hands. No one witnessed the alleged accident. There is only the testimony of appellant's brother-in-law to the effect that appellant complained of his back some hour to an hour and a half after appellant lifted the heavy piece of material.

There is an important distinction between this case and the Lupien and V. K. V. Lumber Company cases, supra. In both Lupien and V. K. V. Lumber Company proximate cause

was not in issue. The question in both cases was, even assuming an injury and a cause, whether the proximate cause was an unexpected cause so as to entitle relief through workmen's compensation. In the present case the Board and district court held that the injury was a result of a previous trauma for which appellant has been and, under the present lower court's decision, continues to be compensated. Proximate cause is a question of fact. For appellant to recover for an injury from an industrial accident he must establish by a preponderance of evidence that such injury is a new injury resulting from an unexpected cause. Such was not established here by the appellant.

There being substantial evidence to support the finding that appellant continues to suffer from injuries from the accident on September 20, 1961, the judgment of the district court is therefore affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and CASTLES, concur.