PEGGY ROBINS, Plaintiff and Respondent, v. HERBERT
H. OGLE, Employer, GLACIER GENERAL ASSURANCE
COMPANY, Defendants and Appellants.

No. 11937.
Submitted May 10, 1971.
Decided June 3, 1971.
485 P.2d 692.

Murphy, Robinson, Heckathorn & Phillips, Kalispell, I. James Heckathorn, argued, Kalispell, for defendants-appellants.

Richard J. Conklin, argued, White Sulphur Springs, for plaintiff-respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

In a workmen's compensation case, the Industrial Accident Board held that claimant did not suffer an accidental injury within the meaning of the Act and denied compensation. On appeal to the District Court of Flathead County, the decision of the Industrial Accident Board was reversed with the court finding the accidental injury compensable, fixing temporary total disability benefits, the percentage and commencing date for permanent partial disability, and remanding the case to the Board for further adjudication. From this judgment, the employer and his insurance carrier appeal.

The claimant and respondent upon appeal is Peggy Robins, a 39 year old employee of Herbert Ogle at the Husky Cafe near the city limits of Kalispell. Claimant's basic job was that of a waitress, but on the night of her accidental injury she was working as a cook on the night shift as she had done on some previous occasions. Among other things, the night cook's duties include mopping the floor of the cafe.

On February 2, 1969 claimant, while working as a cook on the graveyard shift, was engaged in lifting a mop pail full of water when she felt a pull and a burning sensation. She finished out her shift and went to the doctor the following afternoon. Her back injury consisted of a herniated disc which was eventually surgically removed.

Claimant was paid 8 weeks of temporary total disability following her injury by Glacier General Assurance Company, the Plan II carrier for the employer. On April 1, 1969, claimant entered into a lease of the cafe with the owner. At this time

Glacier General ceased payment of compensation. Subsequently they paid claimant an additional 6 weeks temporary total disability following her admission to the hospital for surgical removal of a herniated disc in June and July, 1969. The record is not clear concerning payment of medical and hospital expenses; we are advised in claimant's brief that the medical expenses for this additional surgery remain unpaid.

Claimant petitioned the Industrial Accident Board for a hearing. The case was submitted to the Board on the issue of liability only. The Board entered findings of fact and conclusions of law to the effect that "the preponderance of the evidence fails to establish an accidental injury compensable under section 92-418 of our Act" and that the previous payments of compensation by Glacier General were "merely a humanitarian gratuitous advancement by the carrier." Claimant appealed to the district court from the Board's order denying compensation.

The district court permitted additional testimony consisting mainly of the testimony of claimant's attending physician, Dr. David V. Kauffman of Whitefish. Claimant also testified. The testimony at the district court hearing will be referred to later in this opinion.

The district court reversed the findings and conclusions of the Industrial Accident Board on the issue of compensability. The conclusions of law of the district court are indicative of the gist of its judgment:

"1. That the claimant was injured in an industrial accident arising out of and in the course of her employment.

"2. That claimant is entitled to compensation for temporary total disability from February 2, 1969 to October 2, 1969 and for permanent partial disability at 50% from October 2, 1969.

"3. That this matter is herewith returned to the Industrial Accident Board for further adjudication not inconsistent with the Findings of Fact and Conclusions of Law of this Court."

The employer and Plan II carrier now appeal from the judgment of the district court based on the foregoing conclusions of law.

Two underlying issues are raised in this appeal:

(1)  Did claimant suffer an "unusual strain" within the meaning of section 92-418, R.C.M.1947 so as to render her injury compensable?

(2)  Can the district court upon appeal from an Industrial Accident Board determination that there is no compensable injury, determine the percentage of claimant's disability?

Directing our attention to the first issue, section 92-418 provides:

*"Injury or injured defined.* 'Injury' or 'injured' means a tangible happening of a traumatic nature from an unexpected cause, or unusual strain, resulting in either external or internal physical harm, and such physical condition as a result therefrom and excluding disease not traceable to injury."

Appellant concedes that claimant suffered a strain, but contends that she did not suffer an "unusual" strain within the meaning of the statute. Appellant argues that if this strain case is compensable, then every strain case is compensable without exception.

This statute was interpreted in Jones v. Bair's Cafe, 152 Mont. 13, 445 P.2d 923, wherein we held compensable as an "unusual strain" an injury wherein a dishwasher, during an unusually heavy work period due to a basketball tournament crowd, picked up a heavy tray of dishes from the floor and received a back strain resulting in physical harm that developed into a severe muscle spasm in the lower back, sciatic nerve irritation, and probable disc trouble.

In that case we noted that prior to 1961, section 92-418 defined "injury" or "injured" as referring only "to an injury resulting from some fortuitous event, as distinguished from the contraction of disease." In 1961 this definition was changed to mean "a tangible happening of a traumatic nature from an unexpected cause, resulting in either external or internal physical harm, and such physical condition as a result therefrom and excluding disease not traceable to injury." Under this definition we held that the death of an employee by heart attack

stemming from a disease of the arteries was not an "injury" within this definition and therefore was noncompensable. Lupien v. Montana Record Publishing Co., 143 Mont. 415, 390 P.2d 455. Later we held that a lumber stacker who bent over to pick up a 10-15 pound block of wood and suffered a pain in his back did not suffer an "injury" under the definition. James v. V. K. V. Lumber Co., 145 Mont. 466, 401 P.2d 282. Jones v. Bair's Cafe continues with this language:

"Now, in 1967, the legislature included the words 'or unusual strain.' What is the meaning? How do we measure 'unusual strain.' It seems clear that the legislature intended to change and modify the James decision. By adding the separate distinct phrase, 'or unusual strain,' the legislature intended to cover just such a situation as we have here. There was no 'unexpected cause' but there was an 'unusual strain'; thus the measure would seem to be the result of a tangible happening of a traumatic nature which results in physical harm, be it a rupture, a strain or a sprain. We can only rely on credible medical evidence to determine it. Here we have such medical evidence."

In the instant case it is clear that claimant suffered a work-related disability during the course and scope of her employment. It is equally clear that such disabling physical condition resulted from a tangible happening of "a traumatic nature" within the meaning of section 92-418, R.C.M.1947. The crucial question is whether it occurred as the result of "an unusual strain."

What is "unusual" about the strain suffered by claimant? The strain suffered by claimant here, although not "unusual" from the standpoint of the general manner in which the mopping was done, was "unusual" in that on this particular occasion she "picked [the bucket] up wrong" and "twisted [her] back" when she moved the bucket and removed the mop. Her attending physician, Dr. Kauffman, in testifying before the district court, stated in substance that he considered a strain unusual from a medical viewpoint where it exerted sufficient

force on the spinal column itself by trauma or by lifting and twisting to cause the disc to protrude out. Dr. Kauffman admitted that the term "unusual strain" as used in the Act was a legal term, not a medical term. He testified that he had been claimant's family doctor for some ten years and she had not previously suffered any back trouble to his knowledge. He further testified that in his opinion as a medical doctor, the occurrence related to him by claimant was "sufficient unusual strain" to cause a herniated vertebral disc.

The legislative history of section 92-418, R.C.M.1947, as set forth in Jones v. Bair's Cafes, and summarized here indicates that an "unusual strain" as used therein is not limited to an unexpected cause as indicated by the 1967 amendment adding the underlined phrase to the definition of injury: " 'Injury' or 'injured' means a tangible happening of a traumatic nature from an unexpected cause, or *unusual strain,* resulting in either external or internal physical harm * * *." The preposition "or" preceding the term "unusual strain" simply signifies a tangible happening of a traumatic nature either (1) from an unexpected cause, or (2) from an unusual strain. Accordingly, a tangible happening of an unexpected nature from an unusual strain qualifies, irrespective of whether the strain is "unusual" from the standpoint of cause or effect. While it may be arguable in the instant case whether the strain was unusual from the standpoint of cause, it is clear that the effect here was unusual—herniation of an intervertebral disc resulting from picking up the bucket in the wrong manner and turning to pick up the mop. An unusual result from a work-related strain qualifies as "an unusual strain" under section 92-418, R.C.M.1947. Consequently the district court was correct in holding this was a compensable industrial accident.

Directing our attention to the second issue for review we find that determination of the degree or extent of claimant's disability is properly a matter for decision by the Industrial Accident Board in the first instance, under the circumstances

of this case. Here the record disclosed that the case was submitted to the Board on the issue of liability only. The Board decided there was no liability, i.e., no compensable accident injury was involved. Accordingly, the Board never reached the issue of the extent of claimant's disability. As the Board and not the court is clothed with jurisdiction to determine the extent of claimant's disability in the first instance, subject to subsequent appeal to the district court, the court had no jurisdiction to determine the extent of disability nor the amount of compensation payable initially and should have remanded the case to the Board for that determination. Lind v. Lind, 142 Mont. 211, 383 P.2d 808; Obie v. Obie Signs, Inc., 143 Mont. 1, 386 P.2d 68.

Accordingly, the findings of fact, conclusions of law and judgment of the district court are modified by striking its determinations of the amount of compensation payable for a temporary total disability, permanent partial disability, and the percentage of permanent partial disability, and as so modified the judgment of the district court is affirmed. The cause is remanded to the Industrial Accident Board for further hearing and determination not inconsistent with this opinion.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES DALY, JOHN C. HARRISON, and CASTLES, concur.