No. 13130

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

LAWRENCE W. ERHART,

Claimant and Respondent,

-vs-

GREAT WESTERN SUGAR COMPANY,
a Corporation,

Defendant and Appellant.

Appeal from: District Court of the Thirteenth Judicial District,
Hon. C. B. Sande, Judge presiding.

Counsel of Record:

For Appellant:

Hutton, Sheehy and Cromley argued, Billings, Montana
Brent R. Cromley argued, Billings, Montana

For Respondent:

Michael J. Whalen argued, Billings, Montana

Submitted: February 3, 1976

Decided: MAR - 8 1976

Filed: MAR - 8 1976

_Thomas Je. Kearney_
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from a judgment entered in district court, Yellowstone County, reversing an order of the Workmen's Compensation Division denying compensation to claimant on the grounds no industrial accident or injury had occurred.

Lawrence W. Erhart (claimant) was employed by Great Western Sugar Company in its Billings, Montana, plant. Claimant began work for Great Western in August, 1968, as a laborer. Due to his electronics background, he worked himself up to an instrument man performing technical work with electronic and automatic equipment.

In 1969, Great Western began converting its older sugar conversion system to a computerized system operated pneumatically and electronically. Claimant was told by the company management he had the final responsibility to see that the new system worked. When outside engineers came to the plant to assist with the hook-up and explain the process to claimant, he would go home at night and make schematic drawings of the process. At this time claimant claims he worked twelve hour days for six to seven days a week.

The new system was going to result in many employees being laid off, resulting in some animosity toward those working to put the system on line. Claimant alleges he was subject to taunts and insults, with suggestions of infidelity on the part of his wife.

On December 9, 1970, claimant left work during the middle of the day. On December 15, 1970, claimant's wife called the plant manager to inform him claimant had suffered a mental and physical breakdown. Meanwhile, claimant had made his way to the Veterans Administration Hospital at Fort Harrison, seeking help. At the hospital he related a rather disjointed and bizarre story

- 2 -

regarding his beliefs as to why everyone was against him.

Claimant was transferred to the V. A. Hospital at Sheridan, Wyoming for psychiatric treatment. He was later treated at the Fort Meade, South Dakota V. A. Hospital for the same schizophrenic condition.

Since the time of his nervous breakdown, claimant has been unable to perform physical or mental labor for more than two or three hours without rest.

The psychiatrist treating claimant at Sheridan, Wyoming, attributed claimant's condition to stress at work and the imm-inent birth of an unplanned child. He would not state whether the breakdown would not have resulted in time absent the stresses.

In February, 1971, claimant filed a Workmen's Compensa-tion claim indicating a complete mental and physical breakdown on December 9, 1970. Great Western refused the claim, stating no industrial accident was involved.

In September, 1971, claimant filed suit in district court against Great Western and the plant's group health insur-ance carrier for wrongful deprivation of his job and disability insurance payments. The suit was settled in March, 1972, and claimant signed a release and settlement agreement. The dis-trict court dismissed the suit with prejudice.

In January, 1973, claimant's counsel requested a Workmen's Compensation hearing on the 1971 claim. A hearing was held in March, 1973. Additional time was allowed for taking of depositions of claimant (who was hospitalized at the time of the hearing), and the doctor and psychiatric worker at Sheridan, Wyoming. The matter was not deemed submitted until March, 1974. The claim was denied in April, 1974, with a rehearing also denied.

In July, 1974, claimant appealed to the district court which reversed the denial of the Division after a hearing on

the certified record of the Division with additional testimony from claimant's wife on his condition at that time.

Great Western appeals from the judgment of the district court.

Of the seven issues presented for review by this Court, four main issues appear:

1. Was there an injury entitling claimant to compensation under the Montana Workmen's Compensation Act?

2. Did the district court err in not according every presumption of correctness to the decision of the Division?

3. Did the district court have authority to convert claimant's award into a lump sum?

4. Did the district court err in assessing costs of depositions to Great Western?

In section 92-418(1), R.C.M. 1947, an "injury" is defined, for workmen's compensation purposes, as:

> " * * * a tangible happening of a traumatic nature
> from an unexpected cause, or unusual strain, result-
> ing in either external or internal physical harm,
> and such physical condition as a result therefrom
> and excluding disease not traceable to injury * * *."

We have held a compensable injury under the Workmen's Compensation Act must meet the definitional requirements of the statute. Hurlbut v. Vollstedt Kerr Company, ____Mont.____, 538 P.2d 344, 346, 32 St.Rep. 752. In Hurlbut we stated:

> " * * * there are two elements in the statute
> [section 92-418, R.C.M. 1947] which must be met
> (1) there must be a tangible happening of a
> traumatic nature, and (2) this must be shown to
> be the cause of physical harm."

Workmen's compensation cases normally deal with physical injury resulting from an accident, as the term is used in every-day language. When a shipping crate falls on a worker breaking a bone or two, the causation and the tangible happening are easily identifiable. In the present case we are dealing with

a nervous disability, which may or may not be causally related to the employment situation.

Section 92-418, R.C.M. 1947, was amended by Section 1, Chapter 270, Laws of 1967, adding "or unusual strain" to the definition of an injury. The first case interpreting the statute as amended in 1967 was Jones v. Bair's Cafes, 152 Mont. 13, 19, 445 P.2d 923. In Jones a waitress picked up an unusually heavy tray of dishes from the floor and suffered a back injury. This Court, in sustaining the district court finding of an industrial accident, stated:

> "Now, in 1967, the legislature included the words 'or unusual strain.' What is the meaning? How do we measure 'unusual strain.' It seems clear that the legislature intended to change and modify the James decision. [James v. V. K. V. Lumber Co., 145 Mont. 466, 401 P.2d 282; wherein compensation was denied for an injury due to strain but not from an unexpected cause.] By adding the separate distinct phrase, 'or unusual strain,' the legislature intended to cover just such a situation as we have here. There was no 'unexpected cause' but there was an 'unusual strain'; thus the measure would seem to be the result of a tangible happening of a traumatic nature which results in physical harm, be it a rupture, a strain or a sprain. We can only rely on credible medical evidence to determine it. Here we have such medical evidence."

In the instant case the credible medical evidence is not determinative of an unusual strain, nor is it determinative of the cause of claimant's condition being an industrial accident or injury. The psychiatrist who treated claimant at the Sheridan, Wyoming, V. A. Hospital was, at best, vague and uncertain as to the cause of claimant's schizophrenia. He testified that no one knows for sure the cause of schizophrenia and in this particular instance it was not possible to attribute the condition to any particular stress in the life of claimant.

This Court said in / Stordahl v. Rush Implement Co., 148 Mont. 13, 20, 417 P.2d 95:

> "Whenever a medical expert testifies that an asserted cause of disease is possible, this alone is not to be accepted as reasonable medical proof. * * *"

See also, McAndrews v. Schwartz v. Glacier Gen. Assur. Co., 164 Mont. 402, 523 P.2d 1379.

Claimant cites the earlier case of Gaffney v. Ind. Acc. Board, 129 Mont. 394, 404, 287 P.2d 256, for the position that an injured workman may recover compensation if the causal connection can be shown by direct, indirect or circumstantial evidence; a positive statement by a medical witness of a causal relationship is unnecessary. The actual wording in Gaffney is:

> " * * * The frank admission of the testifying doctor that he could not state positively one way or another need not bar the claimant from recovery if on the whole record it can be said that he is entitled thereto. * * *"

In the instant case, the record as a whole does not indicate claimant is entitled to compensation.

In Robins v. Ogle, 157 Mont. 328, 333, 485 P.2d 692, we found compensable, a back injury received by a cook mopping a cafe floor when she lifted a heavy pail of water. In that case we stated:

> " * * * The preposition 'or' preceding the term 'unusual strain' simply signifies a tangible happening of a traumatic nature either (1) from an unexpected cause, or (2) from an unusual strain. Accordingly, a tangible happening of an unexpected nature from an unusual strain qualifies, irrespective of whether the strain is 'unusual' from the standpoint of cause or effect. * * *"

Not only must claimant show an unusual strain, but that the strain must result from a tangible happening of a traumatic nature. Jones v. Bair's Cafes, supra; Robins v. Ogle, supra. In Love v. Ralph's Food Store, 163 Mont. 234, 516 P.2d 598, we stated that Jones and Robins made this rule clear. See, also, the earlier cases: Lupien v. Montana Record Publishing Co., 143 Mont. 415, 390 P.2d 455; James v. V. K. V. Lumber Co., supra; Miller v. Sundance Recreation, Inc., 151 Mont. 223, 441 P.2d 194.

A tangible happening must be a perceptible happening,

Webster's Third New International Dictionary. Some action or incident, or chain of actions or incidents, must be shown which may be perceived as a contributing cause of the resulting injury. This Court has found neuroses compensable, but a tangible, real happening must be a cause of the condition. O'Neil v. Industrial Accident Board, 107 Mont. 176, 81 P.2d 688; Best v. London Guarantee & Acc. Co., 100 Mont. 332, 47 P.2d 656; Sykes v. Republic Coal Co., 94 Mont. 239, 22 P.2d 157. Even in Murphy v. Anaconda Company, 133 Mont. 198, 321 P.2d 1094, while we rejected the common law unusual strain test, a tangible happening (usual exertion in pushing a mail cart) was required before death from a pulmonary embolism could be found compensable. In the recent case of Love where a gradual buildup of back pain was found compensable, this Court emphasized two specific incidents of strain were perceptible from the record.

In the instant case, neither claimant nor the medical witness were able to point to one or more tangible, real, perceptible happenings as the sole or contributory cause of claimant's mental condition.

Claimant has failed to carry his burden of proof, thus precluding his qualification for benefits under the statute.

A presumption of correctness exists for findings of fact and conclusions of law of the Workmen's Compensation Division, if supported by credible evidence. Mulholland v. Butte & Superior Min. Co., 87 Mont. 561, 289 P. 574; Birnie v. U.S. Gypsum Co., 134 Mont. 39, 328 P.2d 133; Hurlbut v. Vollstedt Kerr Co., supra.

The rule to be followed by this Court on review of these types of cases is well set out in Hurlbut v. Vollstedt Kerr Company, ____ Mont.____, 538 P.2d 344, 346, 32 St.Rep. 752:

> "This Court has repeatedly held that where the appeal to the district court is heard only on the Division's certified record or when the district court permits additional evidence to be introduced and the additional evidence is

- 7 -

not important or adds nothing to the case, then
the district court may not reverse the Division
unless the evidence clearly preponderates against
the findings of the Division."

The additional evidence given by claimant's wife at the district court hearing only went to claimant's condition at the time of the hearing and events subsequent to the Division hearing. This testimony shed no new light on the circumstances of claimant's nervous condition.

We find the district court erred in reversing the Division as no evidence on the record or presented at the district court hearing clearly preponderates against the Division's findings.

As we have determined the district court erred in reversing the Division's findings, the lump sum award granted claimant by the district court is also nullified, therefore the issue of the court's authority to grant such an award need not be examined.

The district court ordered that claimant recover his costs, including the costs of the depositions taken at Sheridan, Wyoming, and the copies thereof. Great Western argues these costs were not properly taxed to it by the district court.

The reporter, who took the depositions, sent the bill for the depositions to claimant's attorney, who forwarded it to the Division for payment. The Division refused payment, stating the depositions were not at the request of the Division, but were at the request, and for the benefit of, claimant.

It appears the district court taxed the costs to Great Western because claimant was the prevailing party. We have held claimant shall not prevail, therefore, the rationale of awarding costs to the prevailing party is absent.

The depositions were taken at the request of claimant as he was unable to attend the Division hearing (apparently due to his medical condition) and because the psychiatrist and psychiatric worker did not wish to attend the hearing, all being

beyond the reach of the Division's subpoena power, section 92-816, R.C.M. 1947, (since repealed).

This Court has held that depositions taken purely for one party's benefit cannot be charged as costs; Davis v. Trobough, 139 Mont. 322, 363 P.2d 727; just as a party who testifies for himself is not entitled to witness fees; Isman v. Altenbrand, 42 Mont. 188, 111 P. 849.

Claimant argues that Davis does not apply here because the depositions were introduced into evidence by the stipulation of both parties, thus they no longer were for the sole benefit of claimant but for the benefit of the hearing officer and both parties. Claimant cites Pfizer, Inc. v. Madison County, 161 Mont. 261, 505 P.2d 399, in support of this position. In Pfizer, judgment was against the Board of Equalization and affirmed by this Court, the question was what costs of the prevailing party should be taxed to the Board, as we have reversed the district court the Pfizer holding is distinguishable on the facts and the result.

Claimant's costs, including the depositions and copies thereof, shall not be allowed against Great Western.

The judgment of the district court is reversed and the order of the Workmen's Compensation Division is affirmed and reinstated.

_____
                    Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 9 -