MR. JUSTICE HASWELL
delivered the opinion of the Court.
Employers Mutual Liability Insurance Company of Wisconsin, the insurance carriers for the employer, Decker Coal Company, appeals from a judgment of the Workers’ Compensation Court entered on behalf of Violette Moen, the claimant for benefits due pursuant to the Montana Workers’ Compensation Act.
Mike Moen, decedent and husband of the claimant, was employed as an oiler by Decker Coal Company at Decker, Montana. On Saturday, November 1, 1975, the decedent was working overtime steam cleaning various pieces of heavy equipment. This was a task which was not part of his usual job. Superintendent, Delmar Bradway had the decedent steam cleaning a row of equipment during the morning. After noon, the only remaining employees left at the site were Bradway and the decedent.
Bradway testified that he and the decedent operated the steam cleaner in the afternoon on the same equipment which had been cleaned that morning in order to clean the batteries. Although a union agreement with the Decker Coal Company contains provisions prohibiting supervisory personnel from doing the tasks of the rank and file members, Bradway testified that he operated the steam cleaner while the decedent drove an old Ford F600 truck on which the steam cleaner was mounted. When they finished the job, the decedent was assigned the task of draining the cleaner and storing the hoses. The work day terminated about 3:30 p.m. Bradway also testified that the decedent drove away in his pickup truck and did not report any injury or ill effects from working that day.
The decedent visited briefly with James McCarthy, the owner of the grocery store and post office in Decker, Montana, sometime between 3:50 and 4:50 p.m. the same day but did not indicate to McCarthy any ailments. About twenty minutes later the decedent again came to McCarthy’s premises and asked McCarthy to drive him to Sheridan, Wyoming, some 35 miles away. McCarthy *81 testified that the decedent looked pale and promised to take him as soon as he finished repairing a pump in his basement.
The decedent did not wait but apparently drove himself to Memorial Hospital in Sheridan where he was admitted at approximately 6:00 p.m. Upon admission the decedent related a history to the attending physician, Dr. William Williams, of having an abrupt onset of left anterior chest pain with pain radiating into the left arm at approximately 2:00 p.m., the same day. The decedent further indicated that the pain went to its peak intensity within ten to fifteen minutes and then continued until he presented himself at the hospital. An electrocardiogram was performed and findings were consistent with an acute anterior myocardial infarction.
The decedent was put on a monitor and treated with medication until approximately 2:57 a.m., November 2, 1975 when his heart changed rhythm (arrhythmia) and after several electric shock treatments and medication, the decedent died at 3:35 a.m. on November 2, 1975. The cause of death was stated as an anterior myocardial infarction with cardiac arrest. No autopsy was performed. The decedent was 63 years of age.
A claim for compensation was filed by the decedent’s widow on September 27, 1976. The claim was denied by the appellant on the grounds that Moen’s death was not causally related to his employment. A petition seeking a hearing before the Workers’ Compensation Court was filed on August 31, 1977 and amended January 25, 1978. Pretrial conferences were held on September 1, 1977, April 6, 1978 and July 13, 1978. After several postponements, the matter was heard on August 2, 1978. Following the hearings, briefs were filed by both parties. On January 29, 1979, the decision of the court was rendered with findings of fact and conclusions of law finding that Moen’s death was causally related to his employment and holding appellant liable to claimant for benefits.
The two issues presented on this appeal are whether the decedent suffered a compensable “injury” as defined by section 39-71-119, MCA, and if so whether such injury arose “[out of and] in the course of his employment” within the scope of section 39-71-407, *82 MCA? We find that the first issue is dispositive of the case and reverse based upon the following reasoning.
Section 39-71-119, MCA, states in pertinent part:
“Injury or injured defined. ‘Injury’ or ‘injured’ means:
“(1) a tangible happening of a traumatic nature from an unexpected cause or unusual strain resulting in either external or internal physical harm ...”
There are two elements in the statute which must be met:
“(1)” there must be a tangible happening of a traumatic nature, and
“(2) this must be shown to be the cause of physical harm.” (To the worker.) Dumont v. Wickens Bros Const. Co. (1979), Mont. 598 P.2d 1099, 1108, 36 St.Rep. 1471, 1482; Hurlbut v. Vollstedt Kerr Co (1975), 167 Mont. 303, 538 P.2d 344.
In explaining the first element of the injury formula, this Court has stated:
“A tangible happening must be a perceptible happening, Webster’s Third New International Dictionary. Some action or incident, or chain of actions or incidents, must be shown which may be perceived as a contributing cause of the resulting injury. This Court has found neuroses compensable, but a tangible, real happening must be the cause of the condition.’’Stamitis v. Betchel Power Corp. (1979), Mont, 601 P.2d 403, 406, 36 St.Rep. 1866, 1870; Erhart v. Great Western Sugar Company (1976), 169 Mont. 375, 381, 456 P.2d 1055, 1058.
Regarding the causal element, the death must still be proven to be the result of a tangible happening of a traumatic nature. The claimant bears the burden of proving by a preponderance of the evidence that a tangible happening of a traumatic nature proximately caused physical harm, McAndrews v. Schwartz (1974), 164 Mont. 402, 412, 523 P.2d 1379, 1384, and must show more than the mere possibility that the happening caused the harm. Erhart, 169 Mont. at 380, 546 P.2d at 1058; Stordahl v. Rush Implement Co. (1966), 148 Mont. 13, 20, 417 P.2d 95. If the evidence *83 indicates a worker suffered a heart attack while at work, rather than as a result of work, no injury occured under the statute. Ness v. Diamond Asphalt Company (1964), 143 Mont. 560, 564-65, 393 P2d 43, 45-46.
Applying this bifurcated test to the record in the present case demonstrates that the statutory requirements are not satisfied. Here there is no tangible happening of a traumatic nature. The only evidence going to the satisfaction of this requirement is a notation on the records of the hospital medical room indicating that the decedent’s peak intensity of pain occurred at approximately 2:00 p.m. on Saturday, November 1, 1975. Alone this evidence is insufficient.
The remaining evidence which respondent asserts as supportive of a valid claim goes to the collateral matter of aggravation of the decedent’s condition and are not solid links forming a chain of events required by this Court in Erhart, supra. The testimony of Dr. Fletcher that the continued activity of the decedent lessened his chance of survival as well as the lack of proximity to a hospital are factors which may have aggravated the underlying myocardial infarction but they do not complete the chain of events.
Claimant argues that several New Jersey cases are on point with the current case and that the courts there found the existence of a compensable injury. However, what claimant fails to recognize is “[t]he displacement of the unusual-exertion requirement in New Jersey by an essentially causal test. . .” Larson’s Workmen’s Compensation Law § 38.64(b) at 7-185. Claimant’s argument disregards Montana’s independent requirement that a strain must result from “a tangible happening of a traumatic nature” in order to be compensable.
“Not only must claimant show an unusual strain, but that the strain must result from a tangible happening of a traumatic nature. [Citations omitted.] In Love v. Ralph’s Food Store, 163 Mont. 234, 516 P.2d 598, we stated that Jones [v. Bair’s Cafe (1968), 152 Mont. 13, 445 P.2d 923;] and Robins [v. Ogle (1971), 157 Mont. 328, 485 P.2d 692,] made this rule clear. See, also, the earlier *84 cases: Lupien v. Montana Record Publishing Co., 143 Mont. 415, 390 P.2d 455; James v. V.K.V. Lumber Co., [145 Mont. 466, 401 P.2d 282], supra; Miller v. Sundance Recreation, Inc., 151 Mont. 223, 441 P.2d 194.” Dumont v. Wickens Bros Const. Co. (1979), Mont., 598 P.2d 1099, 1108, 36 St.Rep. 1471, 1483 citing Erhart, 546 P.3d at 1058.
As we stated in Dumont and we reaffirm as applicable here:
“Claimant must still prove that her husband’s death was the result of a “tangible happening of a traumatic nature,’ which she totally failed to do.” Dumont, supra.
Moreover, these factors completely fail to satisfy the causation element of the formula. The record is devoid of any evidence that the heart attack occurred as a result of work within the meaning of Ness, supra.
Since this Court finds no injury within the purview of section 39-71-119, MCA, we hold that the decedent did not sustain a compensable injury.
Reversed.
MR. JUSTICES HARRISON, AND SHEA concur.