No. 85-433

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

GERALD G. FERDINAND,

   Claimant and Appellant,

  -vs-

LODGE #456, B.P.O.E., LEWISTOWN,
MONTANA,

   Employer,

  and

INTERMOUNTAIN INSURANCE COMPANY,

   Defendant and Respondent.

APPEAL FROM: The Workers' Compensation Court, The Honorable
      Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Robert L. Johnson, Lewistown, Montana

  For Respondent:

    K. Dale Schwanke, Great Falls, Montana

        Submitted on Briefs: March 13, 1986

          Decided: June 5, 1986

Filed: JUN 5 - 1986

_____
       Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the Workers' Compensation Court of the State of Montana. The order of judgment adopted findings of fact and conclusions of law of Workers' Compensation hearing examiner Larry W. Jones. We affirm.

Gerald Ferdinand, claimant and appellant, was employed as the salaried manager of the Lewistown Elk's Club. Ferdinand's age, sex, weight, blood pressure, personality, and cigarette smoking habit made him a classic candidate for heart trouble. During the week immediately before he suffered a myocardial infarction (heart attack) at his home in the early evening, he had worked longer hours than usual at the Club. He also had been under more than the usual amount of stress. The day of Ferdinand's heart attack, he went to the Elk's Club only until shortly after noon because the Club was closed that day. After eating lunch at home, he did some yard work for two hours or so. Late in the afternoon a partial truck-load of cement was delivered and dumped into an 8-foot square form Ferdinand had prepared some weeks earlier. He was not expecting the cement that day and was not prepared to smooth it out. A neighbor stopped to help him and Sandy Ebel, with whom he lived, smooth it out. It was an unusually warm day, and after the job was finished, Ferdinand and the neighbor drank a soda. The neighbor left. Soon thereafter Ferdinand told Sandy he did not feel well. He said he felt like someone was gripping him and he was a chalky color. Sandy called a doctor in Lewistown and took Ferdinand to the hospital, where he was admitted and diagnosed as having suffered a myocardial infarction. During

his ten-day hospitalization he was terminated from his job at the Elk's Club.

Ferdinand filed a petition with the Workers' Compensation Court to secure benefits for the non-fatal heart attack, which he argues to be job-related. Judgment was entered denying benefits to Ferdinand and he appeals.

The issue on appeal is whether the Workers' Compensation Court erred in ruling Ferdinand's heart attack was not a compensable injury under the Workers' Compensation Act.

An injury for Workers' Compensation purposes is defined as:

> . . . a tangible happening of a traumatic nature from an unexpected cause or unusual strain resulting in either external or internal physical harm and such physical condition as a result therefrom . . .

Section 39-71-119, MCA.

A compensable injury under the Workers' Compensation Act must meet the definitional requirements of the statute. Hurlbut v. Vollstedt Kerr Co. (1975), 167 Mont. 303, 306, 538 P.2d 344, 346. This burden has two prongs: (1) there must be a tangible happening of a traumatic nature, and (2) the tangible happening must be shown to be the cause of the physical harm. A claimant must be able to meet both prongs in order to claim a compensable injury. This burden is most difficult in cases such as this, which do not involve physical trauma. Conflicting evidence is necessarily offered. In reviewing the findings of the Workers' Compensation Court,

> [W]e have firmly adhered to the view that where the findings are based on conflicting evidence, this Court's function on review is confined to determining whether there is

3

> substantial evidence to support
> contrary findings. [Citing cases.]

Davis v. Mountain West Farm Bureau Mutual Insurance Company (Mont. 1985), 701 P.2d 351, 353, 42 St. Rep. 840, 843.

Thus the Court will not reverse the Workers' Compensation Court unless its findings of fact or conclusions of law are clearly erroneous:

> This Court's function . . . is not to substitute its judgment in place of the trier of fact but rather is "confined to determining whether there is substantial credible evidence to support" the findings of fact and conclusions of law. Although conflicts may exist in the evidence presented, it is the duty and function of the trial judge to resolve such conflicts. His findings will not be disturbed on appeal where they are based on substantial though conflicting evidence.

Tenderholt v. Royal Ins. Co. of Amer. (Mont. 1985), 709 P.2d 1011, 1013, 42 St.Rep. 1792, 1794-5.

Ferdinand first must show a tangible happening of a traumatic nature.

> A tangible happening must be a perceptible happening. Webster's Third New International Dictionary. Some action or incident, or chain of actions or incidents, must be shown which may be perceived as a contributing cause of the resulting injury. . . [A] tangible, real happening must be a cause of the condition. [Citations omitted.]

Erhart v. Great Western Sugar Co. (1976), 169 Mont. 375, 381, 546 P.2d 1055, 1058.

He argues the kinds of stress he worked under are in fact tangible happenings of a traumatic nature. He cites instances of having to try to please members and their wives, of being under fire for not paying certain bills when the funds were unavailable, of being particularly castigated by a

4

Lodge officer for failure to pay the Lodge's bills at a time when that officer's IOUs were in the till unpaid, of not having enough help at the bar on occasion, and recently the fear he was about to be terminated. Ferdinand is unable, however, to show that a tangible, real happening, which is related to his employment, caused his heart attack.

> Not only must a claimant prove her case by a preponderance of the evidence, she must do so by a preponderance of the probative credible evidence. . . . [A] possiblility is not probative credible testimony and will not, without more, supply evidence.

Dumont v. Wikens Bros. Construction Co. (1979), 183 Mont. 190, 201, 598 P.2d 1099, 1105-1106.

There is expert medical testimony in the record regarding possible causal relationships between the claimant's work and his heart attack. But the claimant has claimed compensation benefits on the theory that his work more probably than not caused his heart attack. Therefore, he can prevail on his claim only if the expert medical testimony establishes his work more probably than not caused his heart attack. Schieno v. City of Billings (Mont. 1984), 683 P.2d 953, 955, 41 St. Rep. 1157, 1159. The medical experts never were pressed to state what in their opinions more probably than not caused Ferdinand's heart attack. Medical testimony shows more probably than not, Ferdinand had coronary artery disease prior to his heart attack. Medical testimony also shows more probably than not, the emotional and physical stress resulting from Ferdinand's job did not cause his heart attack. Nor did it aggravate his pre-existing coronary artery disease and thereby cause his heart attack.

In _Erhart_, supra, we said either a claimant or medical witness must be "able to point to one or more tangible, real, perceptible happenings as the sole or contributory cause of claimant's . . . condition." _Erhart_ at 381, 546 P.2d 1058. Because Ferdinand cannot show that a tangible, real happening which is related to his employment caused his heart attack, he has not carried his burden of proof and cannot qualify for benefits under the statute.

After careful scrutiny of the record, we find substantial credible evidence to support the Workers' Compensation Court's conclusion Ferdinand did not sustain a compensable injury. There simply is not a preponderance of affirmative evidence establishing that the claimant's working conditions and his alleged anxiety caused his heart attack.

The Workers' Compensation Court properly concluded as a matter of law the myocardial infarction Ferdinand suffered is not an injury that arose out of and in the course of his employment. The judgment is affirmed.

Justice

We concur:

Chief Justice

Justices

6