CARTWRIGHT, Appellant, *v.* INDUSTRIAL ACCIDENT BOARD, Respondent.

(No. 8456.)

(Submitted January 13, 1944. Decided April 14, 1944.)

[147 Pac. (2d) 909.]

*Mr. Leo. J. Kottas,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Myles J. Thomas,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This appeal is from a judgment of the district court which affirmed orders made by the Industrial Accident Board denying compensation to Deuel Cartwright. The only question necessary to a decision in this case is whether or not Cartwright was acting in the course of his employment at the time the accident occurred.

The undisputed facts are that during November, 1939, Cartwright was employed as a bartender by Manila Murphy who operated the Boulder Hot Springs Resort. Cartwright was on shift there during the night of November 5th and the early morning hours of November 6th. He "caught a ride" to Helena with Miss Amarette Bryant about 2:30 o'clock a. m. on the sixth and just as they came to the outskirts of the city of Helena, the car turned over and Cartwright was injured.

The disputed facts involve the reason why Cartwright was making the trip. He testified that there were a couple of parties in progress at the resort and that one party insisted on being served Johnny Walker Black Label Whiskey; that the supply was about exhausted and that he made the trip to Helena for the purpose of purchasing additional supplies which, although the state liquor store was closed, he could procure from one of the Helena retail liquor establishments. He testified that he intended to come back as soon as he could—either by "catching another ride" or by taking the early morning bus which left Helena about seven o'clock a. m.

Mrs. Manila Murphy testified on behalf of the claimant, stating that Cartwright was in charge of the bar and that from time to time he would take money out of the cash register and purchase liquor; that on such occasions he would put a slip in the cash drawer stating the amount of the withdrawal and the use to which the money was put; that on the evening of November 5th she retired about 12:00 o'clock p. m. and knew nothing about the events until the next morning when she was advised of the accident. In corroboration of Cartwright she testified that a slip indicating a withdrawal of some $25 was in the cash register the next morning. She was, however, unable to produce the slip at

the hearing. She gave in excuse for the failure to produce the slip that she had subsequently moved to Butte, Montana, and the slip had become mislaid. She also testified that most of the liquor purchases were made at the liquor store at Basin, Boulder or Helena; that once in a while Cartwright would run out of something while a "big party" was in progress and he would come to Helena and purchase the liquor at certain establishments in Helena—namely the "Broadwater," the "Cabin' 'or "Pete's Place;" that sometimes these purchases were made without her knowledge; and that Cartwright had her authorization to perform this "duty" whenever necessary.

The affidavits of W. J. Burns and Amarette Bryant disclose that Cartwright had told Miss Bryant that his purpose in coming to Helena was to pay a note which was coming due at a Helena bank that morning and that unless it was paid he would lose his job; that at no time did Cartwright say anything about being out of whiskey and that he was going to Helena for the purpose of getting some; but did tell her that he did not have to get back until afternoon.

James W. Jewett, an investigator for the Industrial Accident Board, testified that he interviewed Mrs. Manila Murphy and that she told him she did not believe that Cartwright was entitled to compensation and that was the reason she did not make an employer's report; that she did not want to be implicated one way or the other because she did not want to get in trouble with the bartenders. At the hearing Mrs. Murphy denied having made this statement.

The foregoing statement constitutes a resume of the evidence before the Industrial Accident Board and the district court. The finding made by a special referee for the board is as follows: "That when truth is stranger than fiction, it is fiction. That the testimony of Deuel Cartwright and Manila Murphy, both given under oath, is so improbable and so hopelessly in conflict with the testimony of Dr. W. J. Burns, Amarette Bryant and James W. Jewett that it cannot be believed."

Our function in this case is to determine whether or not there

is substantial evidence to support the judgment of the district court. As can be immediately ascertained from the foregoing summary of the evidence, there is a complete testimonial conflict between the parties. In such a situation the issue becomes one of credibility of the witnesses which is and must be concluded by the Industrial Accident Board which had the opportunity to observe the witnesses as they testified, it being in the same position in that regard as is the district court in other cases. (*Langston* v. *Currie*, 95 Mont. 57, 26 Pac. (2d) 160; *Dahlberg* v. *Lannen*, 84 Mont. 68, 274 Pac. 151; *Kenison* v. *Anderson*, 83 Mont. 430, 272 Pac. 679.)

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON, MORRIS and ADAIR concur.