JOHN BIRNIE, Plaintiff and Respondent, v. UNITED STATES GYPSUM COMPANY, Defendant and Appellant.

No. 9818.
Submitted June 6, 1958. Decided July 16, 1958.
328 Pac. (2d) 133.

Raymond E. Dockery, Jr., Lewistown, for appellant.
Howard C. Gee, Lewistown, for respondent.

MR. JUSTICE BOTTOMLY:

This is an action under the Workmen's Compensation Act, R.C.M. 1947, section 92-101 et seq.

There is no question but that the plaintiff, John Birnie, was injured in an accident arising out of and in the course of

his employment by the United States Gypsum Company, in its plant at Heath, Montana, on December 30, 1954.

At the time of the accident Birnie was of the age of 70 years, married, his wife being his only dependent.

The United States Gypsum Company, a corporation, plaintiff's employer, was enrolled under Plan No. 1 of the Workmen's Compensation Act of the State of Montana.

The plaintiff Birnie worked for the said United States Gypsum Company for some ten or eleven years and had been engaged in heavy manual work for many years, having been employed as a stacker for the Company. On December 30, 1954, he was employed to assist in the loading of gypsum boards into a freight car. The boards were brought into the car on a mechanical conveyor, each board was four feet wide and twelve feet long. One of these boards was delayed in the conveyor and the board following, struck and forced it forward, hitting plaintiff on the right leg and knocking him down. Plaintiff was first removed from the scene of the accident to the Company's laboratory and then Mr. Hruska, an office employee, and Mr. Scott, manager of the board plant, took plaintiff to Dr. Eck in Lewistown for treatment.

Dr. Eck on February 17, 1955, made report to the Board that the plaintiff Birnie was injured and suffered contusions resulting in phlebitis to right leg just below knee; that plaintiff was disabled by his injury; that he was not able to attend to any part of his regular occupation; and that there was no evidence of malingering.

Five days after the accident plaintiff, receiving no relief from the pain and suffering, went to the hospital and called Dr. Schubert who, according to the record, attended and treated plaintiff up to time of hearing on his claim.

It was testified that up to the time of the accident plaintiff was a very active man but that since the accident he has suffered a great deal of pain from his injured leg; that his leg swells every night and that he cannot do any heavy work or labor. This evidence was not controverted.

Referee for the Industrial Accident Board held a hearing at Lewistown on February 10, 1956, on the claim filed by the plaintiff Birnie for compensation, at which hearing plaintiff appeared in person and by attorney and the defendant, United States Gypsum Company, by its attorney. Evidence was taken and the matter thereafter submitted and findings of fact and conclusions of law were filed and served.

Thereafter, and on April 16, 1956, the Industrial Accident Board made its order based on the evidence, findings and conclusions and ordered that the defendant, United States Gypsum Company, pay to the plaintiff compensation at the rate of $26.50 per week for a period of 140 weeks, with credit being allowed to the defendant for compensation paid for seven weeks, amounting to $185.50. It was further ordered that all compensation due between the date of the last compensation paid and the date of the Board's order be paid in a lump sum and that all further compensation be paid every four weeks unless otherwise ordered by the Board.

It was further ordered that the claimant accept payments so specified in the order in full settlement of his claim for compensation arising out of his accidental injury of December 30, 1954, while in the employ of the United States Gypsum Company.

The defendant, United States Gypsum Company, appealed to the district court from the decision and order of the Industrial Accident Board, and from the order denying rehearing in the proceeding and action.

A hearing was had before the district court on September 19, 1956, at Lewistown, Montana, where the record of the evidence taken before the Industrial Accident Board, their findings of fact, conclusions of law and orders, were submitted to the court. Additional testimony was submitted and received by the court, and thereafter the district court on February 1, 1957, filed its findings of fact as follows:

"1. That the record contains evidence legally sufficient

to support the findings filed herein by the Industrial Accident Board of the State of Montana.

"2. That the additional evidence introduced herein was not sufficient to justify a change in the Findings of Fact, Conclusions of law or Order of award herein made by the Industrial Accident Board of the State of Montana."

From the foregoing facts, the court concluded:

"1. That the Order of the Industrial Accident Board of the State of Montana should be affirmed.

"2. That the appeal herein should be dismissed with costs to the Respondent."

Judgment was accordingly given and filed on February 1, 1957, which reads in part as follows:

"It Is Hereby Ordered and Adjudged, That the Order of the Industrial Accident Board of the State of Montana, in claim number 364-A-40, be, and it is hereby affirmed;

"It Is Further Ordered, That the appeal herein be, and it is hereby dismissed."

From the above judgment the defendant, United States Gypsum Company, has appealed to this court. It is the contention of the defendant Company that plaintiff's injury has been completely healed, although plaintiff is presently disabled; that there are independent causes which probably completely or at least partially contributed to the plaintiff's present disability; and that with an arthritic condition and calcium in the arteries, such injured workman is not entitled to benefits of the Workmen's Compensation Act.

The plaintiff Birnie contends that his injury of December 30, 1954, has disabled him from ever again engaging in and performing heavy work and labor; that he cannot resume the work he was doing at the time of his injury; that he constantly suffers from the effects of the injury and that he cannot engage in any form of remunerative work and labor.

Dr. J. W. Schubert testified as to plaintiff's condition as follows:

"Q. But he has been coming regularly to see you for some-time? A. Yes.

"Q. And from all of your examination and knowledge, and history of the case do you feel he could go back to hard labor? A. I don't think he can."

On re-direct examination the doctor, testifying in regard to the work plaintiff was engaged in at the time of the injury testified as follows:

"Q. Could the claimant, do you think, in this case perform that kind of labor? A. You have to move relatively fast at times 'and I do not think he is able to.

"Q. Is that disability to move relatively fast due to age or to the accident? A. It could be both.

"Q. Maybe a combination of both? A. That's right."

With regard to whether his arthritis had increased any since he was hospitalized, Dr. Schubert testified: "Q. But by exam-ination what would you say? A. Well, the tenderness, the pain and tenderness is about the same as it was at the time the injury happened."

Dr. Joseph P. Fraser examined plaintiff at the request of the employer, and on cross-examination testified:

"Q. After these X-rays were taken you had an opportunity to examine them, in your opinion the fact of this hair-line frac-ture would that accelerate or increase the arthritic condition? A. Yes, in arthritic people following a severe blow or injury it often makes the arthritis more obvious where prior to that time it did not appreciably bother them."

On re-direct examination the doctor witness testified:

"Q. When you made the statement that arthritis is often accelerated by an injury you did not intend to indicate it was accelerated in this case by the injury? A. I didn't mean to intimate it in this case, I took as the question, is it possible."

The testimony of the plaintiff and others is clear and con-cise, plaintiff testified to the happening of the accident, as to his condition and treatment thereafter, as to his condition at time of hearing before the Board and at the time of hearing:

before the district court. The record shows that plaintiff had been very active and had worked steadily before he suffered the injury; that since the injury he could get around only very slowly; that his leg gave him constant pain; that he could not engage in any heavy work or labor such as he had done before the injury; that he could not perform any gainful employment; and that before the injury he was earning $67.08 per week.

While the evidence introduced before the Board may be conflicting in some particulars, nevertheless the fact remains that before he suffered his industrial accident and injury, plaintiff was an able-bodied active man, earning some $268 per month performing heavy manual labor; that since his injury he has not been able to engage in any heavy labor; that his injured leg gives him continual pain; that there was and is no intimation or suggestion of malingering in the evidence in this record; that the doctors were of the opinion plaintiff could not engage in heavy labor, and that heavy, manual labor is the only kind of employment the plaintiff has ever had or can perform.

Despite certain conflicts in the evidence given before the Board, there is no doubt that before his injury, plaintiff was capable of and did perform heavy manual labor for fairly good wages while after the injury he was not able to work at all, and up to the time of the trial had great difficulty of just walking and climbing stairs. The evidence amply establishes that plaintiff's present disability is due to both the effects of the accident and its aggravation and acceleration of the arthritic condition.

This court has long held that, as here, every presumption is in favor of the correctness of both the decision of the Board and that of the district court. Mulholland v. Butte & Superior Min. Co., 87 Mont. 561, 289 Pac. 574.

Our duty, under the circumstances of this case, is to determine whether there is any substantial evidence in the record to justify the conclusions of the court. Murphy v. Anaconda Company, Mont., 321 Pac. (2d) 1094, and cases cited therein.

This court has been and is committed to the holding that the employer takes the employee as he finds him, and that there are very few perfect physical persons. That an employee was suffering from or afflicted with a pre-existing disease or disability does not preclude compensation if the disease or disability was lit up, aggravated or accelerated by an industrial injury. R.C.M. 1947, section 92-418; Nicholson v. Roundup Coal Mining Co., 79 Mont. 358, 374, 257 Pac. 270; Murphy v. Industrial Accident Board, 93 Mont. 1, 10, 16 Pac. (2d) 705; Birdwell v. Three Forks Portland Cement Co., 98 Mont. 483, 498, 40 Pac. (2d) 43; Gaffney v. Industrial Accident Board, 129 Mont. 394, 287 Pac. (2d) 256; Rathbun v. Taber Tank Lines, 129 Mont. 121, 283 Pac. (2d) 966, 969. The foregoing rule is that a workman is entitled to compensation when a previous existing latent condition which does not keep him from performing his work and labor is lit up, aggravated or accelerated by some fortuitous event (R.C.M. 1947, section 92-418), which is an occurrence aside from the usual course of events, occurring in the course of his employment which produces disability.

There is substantial evidence presented in this record that the injury to the right leg, combined with the arthritic condition, made the leg tender and sore. It constantly became swollen. As a result of this the plaintiff was unable to longer work as he had before the accident. He was and is disabled.

While the arthritic condition may have been present in both legs, the condition of the left leg was due solely to age and was not sore, tender or swollen. This condition existed only in the right leg which was hurt in the industrial accident.

Thus the board and court were warranted in finding that the accident became and was the cause of the plaintiff's disability. This being so, the judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.