No. 12296

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 1972

---

REX LEWIS,

> Plaintiff and Appellant,

-vs-

THE ANACONDA COMPANY et al.,

> Defendant and Respondent.

---

Appeal from: District Court of the Third Judicial District, Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

For Appellant:

Jack M. Scanlon argued, Anaconda, Montana.

For Respondent:

Henningsen and Purcell, Butte, Montana.
Rex F. Henningsen argued, Butte, Montana.

---

Submitted: October 18, 1972

Decided: NOV 2 4 1972

Filed: NOV 2 4 1972

_Thomas J. Kearney_
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court of Deer Lodge County on April 22, 1972, following a ruling that the second amended complaint failed to state a cause of action; and the motion to dismiss it, was granted without leave to amend.

It appears that on December 7, 1960, plaintiff Lewis, an employee of the Anaconda Company, suffered an industrial accident resulting in a fractured left wrist and fracture of both nasal bones. Lewis filed his claim for compensation and received compensation payments of $229.44. On or about March 1, 1961, Lewis asserts he had a discussion with one John Emory, the claims manager of the Anaconda Company, and was advised that upon his return to work his benefits under the workmen's compensation act terminated and he should not see an attorney as there would be no need to.

Thereafter, it is alleged, John Emory drafted a petition for a lump sum settlement for $1,825, forged Lewis' name thereon, submitted the same to the Industrial Accident Board and it was approved on March 27, 1961. On April 3, 1961, John Emory requested a check from the Butte claims office for the $1,825 and it was issued and Emory delivered to the claims office a release with the forged signature of Lewis. Then, allegedly, Emory forged the name of Lewis to the check and negotiated it.

Some years later, in 1971, Lewis had another industrial accident and he was represented at that time by Jack M. Scanlon, Esq., as his attorney. In reviewing the claim file this attorney discovered these facts and notified Lewis in March of 1971. Thereafter this action was commenced seeking to recover damages for fraudulent conversion by means of the forgery of his check for $1,825, praying for special damages of $9,028, $30,000 general damages for mental pain and anguish, with a second cause of action seeking exemplary damages in the amount of $400,000.

The gravamen of plaintiff's contended cause of action is that by reason of his injuries he was entitled to the lump sum settlement and was deprived of it by the fraudulent actions of the agent of the defendant Anaconda

Company.

However, he did not have anything to do with the proceedings involving the petition for the lump sum settlement, its approval and payment of the amount approved. The district judge in his decision of April 18, 1972, on the motion to dismiss plaintiff's second amended complaint, stated:

> "No where, either in the second amended complaint or the deposition of the plaintiff, does it appear that he suffered the loss he complains of. He held good jobs during the 10 year interval; was even examined by the Anaconda Company Medical Staff and placed back to work on one occasion. No complaint was made by him in all of the 10 years. In his deposition he says he breaths with difficulty through one side of his nose, but at no time has he sought medical care for it or any condition about which he complains in this action.
>
> "Moreover, he has had no medical opinion to the effect that he has a 25 per cent permanent disability as a result of the industrial accident occuring December 27, 1960.
>
> "It seems to us that if he had a 25 per cent permanent disability, it would have shown up in a ten year period and that he would have sought competent medical help at some time during that period.
>
> "No medical opinion presently exists to the effect that plaintiff ever suffered a 25 per cent permanent or partial disability.
>
> " * * *
>
> "Finally, there is no clear allegation that the plaintiff ever suffered or now suffers a 25 per cent permanent, partial disability in the complaint as a result of the injury he received December 27, 1960. * * *"

There must be a determination by the Industrial Accident Board as to whether or not Lewis was entitled to any further compensation or to a lump sum settlement for his injuries. (Section 92-821, R.C.M. 1947.) Plaintiff wants to rely upon the alleged forged documents as establishing his rights under the workmen's compensation act, but in this position he is clearly in error. Before any form of relief can be considered it is incumbent upon him to satisfy the Industrial Accident Board that he was entitled to

such further compensation.  We held in Profitt v. J. G. Watts Const. Co., 140 Mont. 265, 370 P.2d 878, that our courts do not have jurisdiction to make such a determination in the first instance, there must be a previous hearing and finding by the Industrial Accident Board.  Nothing herein contained shall bar subsequent action before the Industrial Accident Board.

The decision of the district court of April 18, 1972, was correct and the judgment entered thereon on April 22, 1972, is therefore affirmed.

_____
                                          Chief Justice

We concur:

_____

_____

_____

_____

- 4 -