No. 12929

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

HARRY L. HURLBUT,

                    Plaintiff,

        -vs-

VOLLSTEDT KERR COMPANY,

                    Employer,

        and

INDUSTRIAL INDEMNITY COMPANY,

                    Defendant and Appellant.

---

Appeal from:   District Court of the Fourteenth Judicial District,
               Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellant:

        Marra and Wenz, Great Falls, Montana
        Joseph R. Marra argued, and Charles R. Johnson
         argued, Great Falls, Montana

    For Respondent:

        Richard J. Conklin argued, White Sulphur Springs,
        Montana

---

                            Submitted:   May 8, 1975

                            Decided: JUL 22 1975

Filed: JUL 22 1975

_Thomas J. Kearney_
                                    Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

The Division of Workmen's Compensation of the Department of Labor and Industry denied the claim of one Harry L. Hurlbut. Appeal was taken to the district court, Meagher County which reversed the Divisions' holding and awarded Hurlbut $3,696, plus benefits of $66 per week and medical costs. This appeal is from the district court's judgment.

Harry L. Hurlbut, hereinafter referred to as claimant, about 59 years old, had been employed by the lumber mill of the Vollstedt Kerr Company, hereinafter referred to as the Company, of White Sulphur Springs, Montana, for ten years prior to the alleged accident. The last eight of those ten years claimant was employed as superintendent.

The Company policy was not to operate the mill when the temperature was too cold for the men and the machinery, usually when the temperature was around $-5^{\circ}$Fahrenheit or below. In the latter part of December 1972, temperatures in White Sulphur Springs were as low as $-30^{\circ}$ Fahrenheit and caused the mill to be shut down for more than a week. On the afternoon of January 5, 1973, the temperature rose to around $-12^{\circ}$ F. and Dick Vollstedt, owner of the Company, ordered claimant to start up the mill the next day. Claimant protested that it was too cold and they should "play it by ear". Nevertheless, Vollstedt ordered that the mill commence operation the next morning.

Claimant began contacting men to report for work the next day; some by telephone and some personally. The next morning, January 6, 1973, claimant arrived at the mill office at about 6:20 a.m. and waited in his office for telephone calls from the employees to determine how many men would report. The temperature in the office was $50^{\circ}$ to $55^{\circ}$ F. and claimant had his coat on. The outside temperature was $-6^{\circ}$ F., with low wind velocity.

While sitting in the office claimant became dizzy, he went outside to see if a little fresh air would help, but then became nauseated. He went home and his wife drove him to the hospital where his doctor diagnosed the problem as a myocardial infarction, which simply means that an area of the heart muscle dies by reason of the occulsion of a heart blood vessel supplying that area. This diagnosis was subseqeuntly confirmed by laboratory tests.

Mr. Hurlbut made application for compensation for his myocardial infarction (commonly termed a heart attack), to the Workmen's Compensation Division. His claim was denied and subsequently he petitioned the Division for a hearing. Hearing was held wherein claimant and his attending physician, Albert V. Jellen, M.D., gave testimony. The hearing examiner denied the claim on the grounds that claimant "did not in fact suffer an accidental injury arising out of and in the course of his employment." Appeal was taken to the district court which entered judgment for claimant. Defendants Vollstedt Kerr Company and Industrial Indemnity Company appeal from that judgment.

The issue before this Court is whether the Workmen's Compensation Division's findings, conclusions and order were supported by credible evidence and subsequently whether the district court was justified in refersing the Division's findings, conclusions and order after taking evidence?

Claimant's argument at the Division hearing and the district court hearing was that the lumber mill had never before been operated in weather as cold as it was the morning of January 6, 1973. There is some conflict in regard to the temperature that morning, but the record discloses the temperature was between -5° and -10° Fahrenheit. Claimant maintains this condition constituted an "unusual strain" because it was a unique, new, different and unusual demand placed upon claimant by the Company.

Any injury, to be compensable under the Workmen's Compensation Act, must meet the definitional requirements of the statute. Section 92-418, R.C.M. 1947, defines injury as

> "a tangible happening of a traumatic nature
> from an unexpected cause, or unusual strain,
> resulting in either external or internal physical
> harm, and such physical condition as a result
> therefrom and excluding disease not traceable to
> injury * * *."

Thus, there are two elements in the statute which must be met (1) there must be a tangible happening of a traumatic nature, and (2) this must be shown to be the cause of physical harm.

Aside from the testimony that it was a few degrees colder than normal starting temperature and the mill had not previously operated in temperatures that cold, there was no testimony this imposed upon claimant any duty which was unusual in kind or amount. The duties performed by claimant on the day before his attack and on the day of the attack, January 6, 1973, were duties he had performed for the previous eight years as plant superintendent. Simply opening a mill on a day colder than was customary, with no inordinate kind or amount of work on his part, cannot be said to constitute "a tangible happening of a traumatic nature." Claimant has failed to carry the burden of proof that he was injured, within the meaning of the statute.

Further, there was no proof in the record that the myocardial infarction had any causal connection to claimant's employment.

Claimant's doctor, Dr. Jellen, testified there are two principal causes of myocardial infarction: (1) arteriosclerosis, a gradually developing condition that has nothing to do with trauma, strain or anxiety; and (2) when a blood clot which had previously and gradually formed somewhere inside the heart breaks loose and occludes a heart blood vessel. There was considerable discussion regarding probabilities in relation

- 4 -

to the second cause, the blood clot, however, the doctor testified:

"Q. Doctor, can you say with any degree of medical certainty what was the cause of Mr. Hurlbut's myocardial infarction? A. No, I am afraid I couldn't.

"Q. Do you know whether or not this condition resulted from either arteriosclerosis or a clotting? A. No, no, I wouldn't be able to tell, to make any statement in any of these directions because I don't know."

Claimant failed to carry his burden and therefore cannot qualify under the statute for benefits. Nicholson v. Roundup Coal Mining Co., 79 Mont. 358, 257 P. 270; Landeen v. Toole County Refining Co., 85 Mont. 41, 277 P. 615; Woin v. Anaconda Copper Min. Co., 99 Mont. 163, 43 P.2d 663; Ricks v. Teslow Consolidated, 162 Mont. 469, 512 P.2d 1304.

The findings of fact and conclusions of law of the Workmen's Compensation Division are presumed to be correct and if supported by credible evidence must be affirmed. Section 92-822, R.C.M. 1947; Birnie v. U.S. Gypsum Co., 134 Mont. 39, 328 P.2d 133.

This presumption can be overcome however. Section 92-834, R.C.M. 1947, provides that on an appeal from the Division, the district court has authority to determine

"* * * whether or not the board regularly pursued its authority, and whether or not the findings of the board ought to be sustained, and whether or not such findings are reasonable under all the circumstances of the case."

Section 92-834 also provides the district court may, upon good cause shown, admit additional evidence. Section 92-835, R.C.M. 1947 and Montana case law holds that if this additional evidence is substantial, the district court may be justified in reversing the Division even though the evidence adduced before the Division clearly preponderates in favor of its order. Young v. Liberty Nat. Ins. Co., 138 Mont. 458, 357 P.2d 886; O'Neil v. Industrial Acc.Bd., 107 Mont. 176, 81 P.2d 688.

This Court has repeatedly held that where the appeal to the district court is heard only on the Division's certified record or when the district court permits additional evidence to

be introduced and the additional evidence is not important or adds nothing new to the case, then the district court may not reverse the Division unless the evidence clearly preponderates against the findings of the Division. Stordahl v. Rush Implement Co., 148 Mont. 13, 417 P.2d 95; Jones v. Bair's Cafes, 152 Mont. 13, 445 P.2d 923; McAndrews v. Schwartz, 164 Mont. 402, 523 P.2d 1379, 31 St.Rep. 517; Beatty v. Wellman Power and Gas, Inc., _____Mont._____, _____P.2d_____, 32 St.Rep. 680.

Here, the additional evidence admitted by the district court shed no new light on the circumstances surrounding the alleged accident as to the cause of the alleged injury. With the exception of testimony relating to the degree of claimant's disability, which was not an issue before the court, the additional testimony at the district court was merely repetitive of that admitted at the Division hearing. Such redundant testimony can in no way be said to "clearly preponderate against the Division's findings."

The judgment of the district court is reversed and the order of the Workmen's Compensation Division is affirmed and reinstated.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 6 -