No. 12977

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

JERRY L. DeLEARY,

Claimant and Respondent,

-vs-

ANACONDA ALUMINUM COMPANY,

Employer and Defendant and
Appellant.

---

Appeal from:  District Court of the Eleventh Judicial District,
Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

For Appellant:

Warden, Walterskirchen and Christiansen, Kalispell,
Montana
Merritt N. Warden argued, Kalispell, Montana

For Respondent:

Robert W. Gabriel argued, Great Falls, Montana

---

Submitted:  September 8, 1975

Decided:  OCT 2 0 1975

Filed: OCT 2 0 1975

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal is taken from a judgment entered in the district court, Flathead County. The Anaconda Aluminum Company (hereinafter referred to as employer) takes issue with the district court's award of benefits to claimant Jerry L. DeLeary.

The injury involved occurred on August 26, 1971, when claimant, employed by Anaconda Aluminum Company at its reduction works at Columbia Falls, Montana, slipped on a catwalk which resulted in molten aluminum entering his left shoe, severely burning his lower left leg. Claimant was treated immediately by a local physician and later by a plastic surgery specialist from Spokane, Washington. The specialist performed two operations to eradicate scars and alleviate scar contraction, one in February 1972, the second in December 1972.

Claimant chose not to return to his former employment and so notified the employer on May 5, 1972. Several months prior to that notice claimant obtained employment at a filling station where he began to earn approximately $600 per month. He remained there until September 1973, when he entered into a program as an apprentice mechanic earning about $500 per month. All parties agreed that throughout this period claimant experienced at least a substantial degree of pain and discomfort from the injuries and that his leg tired easily when he stood upon it for any length of time. The employer paid temporary total disability benefits from the date of the accident to the date that it was notified of claimant's intention not to return. Employer was not aware claimant had gone to work on another job in March 1972.

At a hearing held in May 1974 before a hearing examiner of the Workmen's Compensation Division to determine whether any additional compensation was warranted, medical testimony from three physicians was taken. A Missoula orthopedist gave a rating of 20%

impairment of the lower extremity; a Kalispell orthopedist rated the impairment at 15% of the leg below the knee. The plastic surgery specialist from Spokane testified and rated the impairment as that which would be equal to a below the knee amputation. However, the record shows that the out of state physician based his opinion on the current practice in the state of Washington, which admittedly does not employ the same system used in the state of Montana.

The Division hearing resulted in an award of an additional 60 weeks at a rate of $50 per week, less the sum deemed overpaid during the healing period, which the examiner thought was limited to 26 weeks under section 92-709, R.C.M. 1947.

Claimant petitioned for a rehearing before the Division. On September 13, 1974, following rehearing, an amended order was issued which slightly modified the prior order. Claimant was deemed entitled to temporary partial benefits and permanent partial benefits which amounted to $2359.28, approximately $20 more than the first order. Additionally the modified order deleted that part of the first order which provided for a set-off from the amount paid during the healing period in excess of the 26 week limitation, holding that this limitation applied only to the "loss of a member" under the statute. From this order of September 13, 1974, claimant appealed to the district court.

We note here that no further evidence was taken or allowed at the rehearing since the parties stipulated rehearing could be had on the basis of the record before the division.

The district court considered additional evidence submitted at its hearing, but took under advisement the employer's objection to the submission of this evidence. The court, in its findings of fact and conclusions of law, sustained the employer's objection and based its decision on the record made before the Workmen's Compensation Division.

Specifically, the district court granted claimant the following compensation:

1) Workmen's Compensation benefits pursuant to section 92-706, R.C.M. 1947.

2) Temporary partial disability benefits pursuant to section 92-703, R.C.M. 1947, for a total of 31 and 6/7 weeks at the rate of $23.07 less per week than what claimant earned at the time of injury.

3) Temporary total benefits pursuant to section 92-709, R.C.M. 1947, for injuries to the lower left extremity for a total of 150 weeks amounting to $7,500 less the 2% discount provided for by section 92-715, R.C.M. 1947, less the sum of $1,900 already awarded and paid to claimant.

The underlying issue is whether the district court may award a statutory benefit for functional impairment in addition to a loss of earning capacity.

On appeal the employer places two issues before this Court.

First, this Court is asked whether the district court erred by failing to correct the Division regarding its deletion of that part of the hearing examiner's order dealing with the payments made in excess of the 26 week statutory limitation. At the time of the district court hearing the employer, for the first time, raised the issue of the temporary partial award of $459.28 under section 92-703, R.C.M. 1947.

The district court refused to consider or rule on this matter, due to claimant's timely objection pointing out the employer's failure to cross appeal from the Division's order regarding this issue. See: Rule 29(d), M.R.App.Civ.P. and section 92-829, R.C.M. 1947. We find no reason to disturb this ruling on appeal.

Second, the employer contends the district court acted improperly, in that its actions were beyond the scope of review statutorily imposed upon a district court which functions at the appellate level. We agree. This Court on numerous occasions has ruled conclusively disposing of this question. The function of the district court in appeals from the Workmen's Compensation Division is to examine the Division's findings of fact and conclusions of law. These findings and conclusions are presumed to be correct and are not reversible if supported by credible evidence. Under section 92-834, R.C.M. 1947, the district court must determine:

> "* * * whether or not the board regularly pursued its authority and whether or not the findings of the board ought to be sustained, and whether or not such findings are reasonable under all the circumstances of the case."

See: Hurlbut v. Vollstedt Kerr Company, _____Mont._____, 538 P.2d 344, 32 St.Rep. 752, 755; Birnie v. U.S. Gypsum Co., 134 Mont. 39, 328 P.2d 133.

The district court's findings of fact, conclusions of law and judgment in the instant matter present an unusual situation. No reference is made to the findings of fact and award made by the Workmen's Compensation Division. Thus it makes no attempt to correct errors in law or findings of fact based on insufficient credible evidence. The result is a completely new set of findings of fact and conclusions of law which totally ignore the proceedings taken at the administrative level. This action by the district court seems apparently to be based on two assumptions:

1) That the Division failed to consider claimant's functional impairment in terms of the disability, thereby depriving him of an award based on his future earning capacity; and

2) That under the authority of Jones v. Claridge, 145 Mont. 326, 400 P.2d 888, claimant was entitled to an award which, at least in part, takes that factor into consideration. Thus the

district court, in effect, exercised its assumed discretion in an area where the Division admittedly refused to act.

In _Jones_ this Court in the spirit of liberal construction and under "a given set of circumstances" held that an award for loss of prospective future earnings resulting from permanent partial disability may be proper under section 92-709, R.C.M. 1947. However, an examination of what those circumstances might be, or their applicability to this particular case, is a determination we need not make.

Section 92-834, R.C.M. 1947, allows the district court to amend, modify, or reverse the actions of the Workmen's Compensation Division only if it finds those actions unsupported by credible evidence or unreasonable under all the circumstances of the case.

Here, the district court modified the Division's order on one hand, while specifically adopting contrary findings and conclusions on the other. Thus the district court's judgment was inconsistent and legally improper in the context of the statute in that after awarding the statutory benefit for functional impairment it granted an additional amount for loss of earning capacity not authorized by statute. Here, the facts do not support the conclusions of law of the district court.

The judgment of the district court is reversed. The order of the Workmen's Compensation Division upon rehearing is reinstated.

_____
Justice.

- 6 -

We concur:

_James T. Harrison_
Chief Justice

_Gene B. Daly_

_Frank I. Haswell_

Justices