No. 12852

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

REX F. LEWIS,

       Plaintiff and Claimant,

-vs-

ANACONDA COMPANY,

       Defendant and Respondent.

---

Appeal from: District Court of the Third Judicial District,
      Honorable Robert J. Boyd, Judge presiding.

Counsel of Record:

 For Plaintiff:

   Scanlon and Connors, Anaconda, Montana
   Jack M. Scanlon argued, Anaconda, Montana

 For Respondent:

   Henningsen, Purcell and Genzberger, Butte, Montana
   Rex F. Henningsen argued, Butte, Montana

---

        Submitted: November 6, 1975

         Decided: DEC 18 1975

Filed: DEC 18 1975

*Thomas J. Kearney*
         Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal originates from an industrial accident which occurred on December 7, 1960. Plaintiff Rex K. Lewis was at that time an employee of defendant Anaconda Company. While performing his duties as a boilermaker, he was injured to the extent of a fractured left wrist and a fracture of both nasal bones. He was awarded $229.44 in temporary total disability benefits pursuant to section 92-701, R.C.M. 1947. On March 27, 1961, a petition for lump sum settlement in the amount of $1,825 was approved by the Industrial Accident Board but Lewis received no part of this award. Over ten years later, an investigation revealed that this petition had been forged by a claims manager of the Anaconda Company.

An action on Lewis' behalf was thereafter commenced contending that his injuries entitled him to that lump sum settlement, and that the allegedly fraudulent actions of the Anaconda Company's agent had effectively deprived him of that award. The action was dismissed by the district court in Deer Lodge County for failure to state a claim upon which relief could be granted. That decision was appealed to this Court. We affirmed the district court and ruled that the forged documents were not, by themselves, sufficient to establish a right to relief and this Court had no jurisdiction to make such a determination until the proper administrative procedures were exhausted in proceedings before the Industrial Accident Board. Lewis v. The Anaconda Company, 160 Mont. 478, 503 P.2d 535.

Lewis then petitioned the Workmen's Compensation Division for consideration of his case and hearing was held on April 17, 1973. Its decision was adverse to Lewis. He was granted a rehearing, which also resulted in an unfavorable ruling. An appeal was taken to the district court, Deer Lodge County. On August 12, 1974, judgment was entered specifically sustaining the findings and conclu-

sions of the Workmen's Compensation Division and denying the appeal in its entirety.

In the more than ten year interim between the time that Lewis's industrial accident occurred and the time that his case was reopened before the Workmen's Compensation Division, Lewis engaged in a number of different occupations. Approximately two months after the accident he returned to the Anaconda Company as a boilermaker, where he was on restrictive duty in the welding shop. This employment was voluntarily terminated by Lewis nine months later, allegedly because of the residual effects of his injuries. Lewis then leased a service station and was self-employed in the year 1962. This lease was terminated in the latter part of 1962, and for the next seven years Lewis held a number of different jobs in various states. On January 1, 1969, Lewis became a permanent member of the Anaconda police department. Two years later he suffered another industrial accident in the course of his employment as a police officer which resulted in the fracture of his right wrist. He was awarded a lump sum settlement for permanent partial disability in the amount of $3500.

Lewis' appeal to this Court is based primarily on the premise that the Workmen's Compensation Division acted in total disregard of uncontradicted credible evidence in denying his claim for relief and the district court erred in sustaining such action.

Lewis points out that under Montana's legislative scheme an injured workman may elect to proceed under either of two statutory sections in order to establish his right to compensation.

Under section 92-703, R.C.M. 1947, the claimant's right to recover depends upon his ability to demonstrate an actual loss of earnings and the number of persons dependent upon him. But, recovery under section 92-709, R.C.M. 1947, is based on a specific statutory schedule, and proof of an actual loss of earnings is not

required. Spieth v. Stuart, 130 Mont. 216, 299 P.2d 106. Thus, under one section the claimant is compensated for his actual loss of wages, while the other provides the claimant with an indemnity for the loss of possible future earnings in an amount determined by the legislature. Jones v. Glacier General Assurance Co., 145 Mont. 326, 400 P.2d 888.

The conclusion of the Workmen's Compensation Division was that Lewis failed to demonstrate any permanent partial disability resulting from his 1960 injury, and he was therefore not entitled to recover under either of the above provisions. With respect to section 92-703, R.C.M. 1947, the Division placed particular emphasis on several of its numerous findings of fact: 1) that the claimant had voluntarily terminated his employment with the company in order to operate his service station; 2) that no evidence was offered regarding the amount of claimant's earnings in the years between 1963 and 1968; and 3) that claimant has been steadily employed as a police officer since 1969. The Division specifically recognized the existence of some evidence tending to establish that Lewis had indeed suffered some loss of earning over the years. But, in the Division's view, Lewis simply failed to establish by a preponderance of credible evidence that this loss of earnings or earning capacity was a result of the industrial accident.

In support of its denial of relief under section 92-709, R.C.M. 1947, the Division offered these findings of fact as promulgated by the hearings officer in the May 23, 1973, hearing:

> "21. That there is no credible evidence in the file or the record that the claimant ever sought or received medical treatment for the injury to his left wrist from early 1961 until at the request of his attorney he saw Dr. George E. Trobough on March 11, 1972, more than eleven years after his accident, and further, there is no credible evidence in the record that the claimant ever complained of any permanent physical disablement resulting from that injury during the ten or eleven years following the injury.

"22. That Dr. George E. Trobough testified that when he saw the claimant more than eleven years after the injury, the claimant was suffering from a twenty-five percent permanent residual disability to the body as a whole.

"23. That the claimant was examined on March 26, 1973, by Dr. Charles E. Buehler, Butte, Montana, who reported that he could 'find no physical abnormalities with this man's left wrist to warrant any permanent disability from this accident.'"

Under these facts, the district court specifically found the Workmen's Compensation Division to have regularly pursued its authority, and its findings of fact were reasonable under the circumstances. It was therefore incumbent upon the district court to sustain those findings and the resulting conclusions of law. Section 92-834, R.C.M. 1947; DeLeary v. Anaconda Aluminum Co., _____ Mont._____, 541 P.2d 788, 32 St.Rep. 1041; Hurlbut v. Vollstedt Kerr Co., _____Mont._____, 538 P.2d 344, 32 St. Rep. 752; Birnie v. U.S. Gypsum Co., 134 Mont. 39, 328 P.2d 133.

Here we are presented with a basic conflict in the evidence. In actions under the Workmen's Compensation Act, the appellate court must sustain Division action if the evidence is sufficient to support the findings, even though some evidentiary conflict may exist. Dean v. Anaconda Co., 135 Mont. 13, 335 P.2d 854. Once promulgated, the findings of the Division become the equivalent of a jury verdict or findings of a judge and its action will not be reversed unless the preponderance of the evidence is clearly to the contrary. Wieri v. Anaconda Copper Mining Co., 116 Mont. 524, 156 P.2d 838. The applicable rule has remained unchanged since its explication in Cartwright v. Industrial Accident Board, 115 Mont. 596, 599, 147 P.2d 909:

"Our function in this case is to determine whether or not there is substantial evidence to support the judgment of the district court. As can be immediately ascertained from the foregoing summary of the evidence, there is a complete testimonial conflict between the parties. In such a situation the issue becomes one of credibility of the witnesses which is and must be concluded by the Industrial Accident Board which had the opportunity to observe the witnesses as they testified * * *."

- 5 -

Lewis simply provides us with no legal basis for upsetting the factual conclusions of the Workmen's Compensation Division or the district court. Accordingly, those decisions must be affirmed.

Lewis also urges us to decide a collateral constitutional issue, a claim which extends to the due process and equal protection provisions of the United States and Montana Constitutions. He argues that the actions of the hearing officers of the Workmen's Compensation Division and the Anaconda Company in arbitrarily and capriciously applying a double standard in administering the Workmen's Compensation Act discriminates against him by depriving him of a benefit he is entitled to, thus violating his constitutional rights of equal protection and due process. The question is presented for review for the first time to this Court. It is untimely, and therefore cannot be considered on appeal. Britt v. Cotter Butte Mines, 108 Mont. 174, 176, 89 P.2d 266; State ex rel. Anderson v. State Board of Equalization, 133 Mont. 8, 19, 319 P. 2d 221.

Lewis cites In re Clark's Estate, 105 Mont. 401, 74 P.2d 401, as authority for the proposition that constitutional issues may, under certain circumstances, be raised for the first time on appeal. In Clark the Court specifically invited the parties to raise the particular constitutional question involved, and in that context created the exception. That exception is clearly not applicable to the instant case, where no such invitation was extended.

The judgment of the district court is affirmed.

_____
Justice

- 6 -

We Concur:

_____
Chief Justice

_Gene B. Daly_

_Wesley Castles_

_Frank I. Haswell_
Justices.