MR. JUSTICE JOHN C. HARRISON
delivered the opinion of the court.
This is an appeal from an order of the district court, Blaine Bounty, affirming the decision of the Workmen’s Compensation Division of the Department of Labor and Industry of the state of Montana, awarding compensation.
This case began with an Industrial Accident Board Accident-Injury Investigation report filed with the Board on June 19, 1973. A copy of the report riled with the Board was sent to Continental Oil Company, whose consignee Richard Brainard had its bulk plant in Chinook, Montana, where the accident occurred. Thereafter, on July 30, 1973, Continental Oil Company filed with the Workmen’s Compensation Division its Form 37, “Employer’s First Report of Occupational Injury or Disease”. Thereafter there was correspondence between the claim manager of Hartford Accident & Indemnity Company (Continental’s insurer) and the Workmen’s Compensation Division as to whether or not Brainard was an independent contractor or an employee of Continental Oil Company by reason of his contract.
In the meantime the law firm of Alexander, Kuenning, Miller & Ugrin of Great Falls, Montana, was asked by Hartford for an opinion on the legal problems raised by the accident. On June 12, 1973, Mr. Alexander wrote to Richard C. Sherman, claim manager for Hartford, giving the opinion that there was probable coverage under the Workmen’s Compensation Act.
On October 31, 1973, Vivienne Kimball, widow of William H. Kimball victim of the reported accident, employed counsel to *88 represent her before the Industrial Accident Board. Counsel petitioned the Board for a determination of claim for compensation by beneficiaries. Thereafter, the matter was heard on August 21, 1974. Following the decision of the hearing examiner and affirmance of that decision by the administrator of the Workmen’s Compensation Division, the matter was appealed by Vivienne Kimball to the district court which on September 3, 1975, affirmed the decision of the Workmen’s Compensation Division. We note here that the beneficiaries received the maximum benefits that could be given under the Workmen’s Compensation Act.
Here, the fact situation is an unusual one and the status of the deceased was difficult to ascertain. The legal procedures followed by the widow were of her own choice, not this Court’s. The dissenting opinion herein takes the position that the majority would prevent a deserving widow from obtaining a just recovery from an oil company which failed to operate within the laws of this state by denying that Kimball was an employee and thus entitled to social security benefits, minimum wage, unemployment compensation benefits or workmen’s compensation. This does not appear in the record before this Court, nor is there any finding of responsibility on the parties based on the facts of the accident on liability.
The record reveals:
1. Claimant on May 2, 1974, petitioned the Industrial Accident Board for determination of claim for compensation by beneficiaries.
2. The matter was heard and determined, with counsel of claimant’s choice representing her, before a hearing examiner and a district judge.
Procedurally, whether or not this was the way to settle whether or not her husband was or was not an employee of the oil company, we will not comment upon other than to note that as a result she was awarded 598.-20 weeks of compensation benefits and medical costs incurred to the time of her husband’s *89 death. Her later position before the district court and this Court, that her husband was not an employee of either Brainard or the Continental Oil Company could only be decided in the final instance by the controlling statutory and case law of Montana.
On May 11, 1973, William G. Kimball was severely burned while loading a gas truck on premises owned by the Continental Oil Company located in Chinook, Montana and died ten days later as a result of the injuries. At the time of the accident Kimball was performing services for Richard Brainard, a friend, who was the bulk plant operator for Continental. Brainard was away on active duty in the Army Reserve and had asked Kimball to make deliveries of gas during his absence.
Prior to leaving, Kimball had accompanied Brainard on several delivery trips for the purpose of familiarizing himself with the equipment and the various customers. Kimball did not appear on Brainard’s books as an employee, no withholding or social security was paid for him, nor any workmen’s compensation payments made to protect him. His relationship was characterized as one of friendship, rather than that of employer-employee. However, following Kimball’s death, Brainard paid the widow $307.00, an amount based on a penny a gallon for the gasoline delivered by Kimball during Brainard’s absence.
The Workmen’s Compensation Division, following investigation of the accident, held a hearing and found that under the facts Kimball was an employee of Continental Oil Company. On appeal to the district court, the decision was affirmed.
The sole issue before this Court is whether William C. Kimball was an employee of the Continental Oil Company bulk plant operator, Richard Brainard, at the time of the accident.
Appellant Vivienne F. Kimball, widow of William C. Kimball, argues the services performed by her husband were strictly “gratuitous” and therefore there could not have been the necessary employer-employee relationship within the meaning of section 92-411, R.C.M.1947. She urges that applying the *90 control test set forth in State ex rel. Ferguson v. District Court, 164 Mont. 84, 519 P.2d 151, the necessary elements to determine the employee relationship are lacking, for here there is no specific contract of employment, no specific order on what he should do, and no withholding or specific salary.
Respondents argue the application of the “control test” is not appropriate here as that test is for determining whether one rendering service is an employee or an independent contractor. Here, no one contended that Kimball was an independent contractor, for that position would be inconsistent with the claim that his services performed were gratuitous. Respondents argue the correct rule to be followed is that when compensation is paid, it is presumed an employer-employee relationship exists. From the evidence it is clear that Kimball expected compensation for his work and in fact received one cent per gallon he delivered.
The hearing examiner found:
“3. That the deceased claimant was employed by Richard Brainard, the bulk plant operator, to handle his duties while he was away on military duty, for a period of seventeen days from about April 25, 1973 through May 11, 1973, the day of his injury, a period of 2.42 weeks, during which he earned an amount of $307. — which was paid to his widow on May 30, 1973, an amount that would average $126.86 per week.
<<* * *
“7. That pursuant to the provisions of Finding of Fact No. 5, supra, and pursuant to the provisions of § 92-604, R.C.M.1947, the deceased claimant was covered by the workmen’s compensation insurance carried by the Continental Oil Company.”
The district court heard the appeal from the Division’s decision, and upon examination of the record found there was substantial evidence to support the findings of the examiner. Having so found, it was incumbent on the district court to sustain those findings and the resulting conclusions. Section 92-834, R.C.M.1947; DeLeary v. Anaconda Aluminum Co., 168 *91 Mont. 208, 541 P.2d 788; Hurlbut v. Vollstedt Kerr Company, 167 Mont. 303, 538 P.2d 344.
In cases arising under the Workmen’s Compensation Act this Court must sustain the Division action if the evidence is sufficient to support the findings, even though some evidentiary conflict may exist. Lewis v. Anaconda Company, 168 Mont. 463, 543 P.2d 1339. The applicable rule has remained unchanged since its adoption in Cartwright v. Industrial Acc. Bd., 115 Mont. 596, 599, 147 P.2d 909, 911:
“Our function in this case is to determine whether or not there is substantial evidence to support the judgment of the district court. * * *”
The judgment of the district court is affirmed.
MR. JUSTICES CASTLES, HASWELL and DALY concur.