No. 13474

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

JOHN FLANSBURG,

Claimant and Appellant,

-vs-

PACK RIVER COMPANY, Employer
and INDUSTRIAL INDEMNITY COMPANY,

Defendant and Respondent.

---

Appeal from: Workers' Comp. Court

William E. Hunt, Judge presiding.

Counsel of Record:

For Appellant:

Hoyt and Bottomly, Great Falls, Montana
John C. Hoyt argued and Tommy Lewis appeared,
Great Falls, Montana

For Respondent:

Marra, Wenz and Iwen, Great Falls, Montana
Joseph R. Marra argued and Charles R. Johnson argued,
Great Falls, Montana

---

Submitted: January 27, 1977

Decided: MAR 17 1977

Filed: MAR 17 1977

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Claimant and his employer's Plan II insurer agreed to a $9,000 lump sum settlement of a claim under the Workmen's Compensation Act. A dispute subsequently arose whether this settlement was for permanent partial disability benefits or permanent total disability benefits. The Workers' Compensation Court held it was a valid and binding settlement of permanent partial disability benefits from which claimant appeals.

The controlling issue is the sufficiency of the evidence to support the finding that the agreement was a valid and binding settlement of permanent partial disability benefits.

Claimant John Flansburg sustained an injury arising out of and in the course of his employment with Pack River Company on October 7, 1973. He was paid biweekly benefits from October 8, 1973, to May 19, 1975, at the temporary total disability rate of $110. During this period he was granted two lump sum advances of $800 each representing compensation for 13 plus weeks at the temporary total disability of $60 per week to be credited against the total compensation when finally determined.

On March 16, 1975, claimant's treating physician submitted a medical report in which he rated claimant's spine as being 30% impaired.

On March 25, 1975, a meeting was held, attended by claimant, his wife, his attorney, and the claims supervisor for Industrial Indemnity Company, the employer's workers compensation insurer. This resulted in an agreement for a $9,000 final compromise settlement, reservation of medical and hospital benefits under the Workmen's Compensation Act, and a waiver by the insurer of " * * * repayment of any Social Security payments or overpayments claimant may receive in the future."

Claimant and the insurer petitioned the Workmen's Compensation

Division (WCD) for approval of this settlement. The WCD approved the petition and ordered the claim closed as finally settled, subject to the right of the WCD, for good cause, to rescind, alter or amend the final settlement within 4 years.

Payment was made by the insurer. Thereafter it developed that the federal Social Security Administration interceded to reduce claimant's social security disability benefits by an offset permitted in partial disability cases.

Claimant then petitioned the Workers' Compensation Court for a hearing to determine that claimant was totally disabled or in the alternative to rescind the approval of the settlement by the WCD.

A hearing was held at which the Workers' Compensation Court determined that the full and final settlement agreement entered into between claimant and the insurer on March 25, 1975, in the amount of $9,000, was a valid and binding settlement of permanent partial disability benefits. Claimant's petition was denied.

Our function on appeal is to determine whether there is substantial evidence to support the finding of the Workers' Compensation Court. Kimball v. Continental Oil Co., ____Mont. ____, 550 P.2d 912, 33 St.Rep. 517. In cases of testimonial conflict, as here, the applicable law has been stated in this language in Cartwright v. Industrial Ac. Brd., 115 Mont. 596, 599, 147 P.2d 909:

> "Our function in this case is to determine whether or not there is substantial evidence to support the judgment of the district court. As can be immediately ascertained from the foregoing summary of the evidence, there is a complete testimonial conflict between the parties. In such a situation, the issue becomes one of credibility of the witnesses which is and must be concluded by the Industrial Accident Board which had the opportunity

- 3 -

to observe the witnesses as they testified * * *."

Although the evidence is conflicting in some respects, we find substantial evidence to support the finding of the Workers' Compensation Court that the agreement was a full, final, valid, and binding settlement of permanent partial disability benefits under the Workmen's Compensation Act. The supporting evidence consists in part of the following: (1) The testimony of Jerry Friesen; (2) the medical evidence of claimant's treating physician of a 30% impairment of the spine; (3) the absence of any medical evidence of total permanent disability; (4) the correlation of the settlement amount of $9,000 with 150 weeks X claimant's permanent partial compensation rate of $60 per week; (4) the correlation of the 30% disability rating with the 150 week period out of a 500 week maximum; (5) the "compensation advice" form accompanying the settlement draft indicating a weekly compensation rate of $60, claimants rate for permanent partial disability; (6) the absence of any relationship between the $9,000 settlement and the $110 weekly rate to which claimant would be entitled for permanent total disability; and (7) the incredible situation of fully and finally settling a claim for permanent total disability for $9,000 that had a mathematical potential of approximately $125,000 in benefits based on claimant's life expectancy.

We note that the order of the WCD provides that the settlement can be reopened at any time within four years for good cause. Section 92-826, R.C.M. 1947. The judge of the Workers' Compensation Court has continuing jurisdiction to change the award at any time within four years if claimant's disability changes. Section 92-848(4), R.C.M. 1947.

We have noted the additional and peripheral arguments raised by claimant in this appeal and find that none would affect our decision in this case.

The findings of fact and conclusions of law of the Workers'

- 4 -

Compensation Court are affirmed in all respects.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -