No. 13496

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

DONNA J. CLOSE,

  Claimant and Respondent,

-vs-

ST. REGIS PAPER COMPANY, Employer,

  and

ST. REGIS PAPER COMPANY,

  Defendant and Appellant.

---

Appeal from:  Workers' Compensation Court
  Honorable William E. Hunt, Judge presiding.

Counsel of Record:

  For Appellant:

  Warden, Walterskirchen and Christiansen, Kalispell,
   Montana
  Merritt H. Warden argued, Kalispell, Montana

  For Respondent:

  Daley and Sherlock, Kalispell, Montana
  Joseph Daley argued, Kalispell, Montana

---

Submitted:  October 6, 1977

Decided: DEC 28 1977

Filed: DEC 2 1977

*Thomas J. Kearney*
                                        Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by an employer from a judgment in favor of its employee by the Workers' Compensation Court. That court held claimant was entitled to temporary total disability benefits from July 21, 1974 to April 6, 1976; reimbursement for certain medical expenses and travel costs; and attorney fees. Following denial of its petition for rehearing, the employer appeals to this Court.

Claimant sustained an injury in an industrial accident on April 16, 1974, while employed by appellant, St. Regis Paper Company at Libby, Montana. Claimant was attempting to free some lumber that had become lodged in a machine and was struck in the head with a board.

Claimant was immediately taken to a hospital and was examined by Dr. Seifert, a Libby-area physician. An X-ray of claimant's skull was taken and proved negative for injury. Claimant, however, was experiencing severe pain in her neck and back and a partial numbness of her hands. Dr. Seifert referred claimant to a neurosurgeon in Spokane, Washington, who examined her in May, 1974. No objective evidence of injury was found. Claimant returned to Spokane in July, 1974, and was examined by a second neurosurgeon. Spinal X-rays proved negative for injury, and the neurosurgeon diagnosed claimant as suffering from tension which was vascular in origin. He stated that he believed claimant's condition to be triggered by the injury but not directly causally related.

Claimant was released to return to work by Dr. Seifert July 15, 1974. However, she complained of continuing pain and stated that she was unable to work. Claimant continued to seek medical aid and was examined by several doctors.

On February 4, 1975, claimant was examined by Dr. Forbeck,

- 2 -

a neurosurgeon in Great Falls, Montana. Dr. Forbeck concluded that claimant's pain was the result of a cervical disc herniation. On February 20, claimant underwent surgery by Dr. Alexander Johnson. No cervical disc problem was found, but a large osteophytic ridge which was compressing the C7 nerve root was discovered. This osteophytic ridge and a smaller one were removed and claimant recovered without difficulty. The evidence reflects that the osteophytic ridges which were causing claimant's discomfort could not have been caused by the accident of April 16, 1974. Dr. Forbeck stated that they undoubtedly antedated this injury as they could not have developed during a ten month period.

Appellant, who is a Plan I self-insurer under Montana's Workers' Compensation Act, terminated benefits on July 21, 1974, following the release of claimant to return to work by her doctor. Thereafter, claimant employed counsel to represent her and a hearing was held before the Workers' Compensation Court on April 6, 1976. Claimant was the only witness called to testify. The deposition of Dr. Johnson, who performed the surgery on claimant, was filed. On June 4, the Workers' Compensation Court judge issued his findings of fact and conclusions of law awarding claimant compensation from the date her employer terminated benefits to the date of hearing at the rate of $94.62 per week. He further ordered that claimant be reimbursed for travel costs incurred in seeking medical treatment, medical expenses, and attorney fees.

The sole issue on appeal is the sufficiency of the evidence to support the findings of fact and conclusions of law of the Workers' Compensation Court. Specifically appellant questions the findings and conclusions in three areas:

(1) Sufficiency of the evidence to support the finding that claimant is entitled to temporary total disability benefits

from July 21, 1974 to April 6, 1976;

(2) Sufficiency of the evidence to support the finding that appellant is responsible for the medical and travel expenses incurred by claimant along with her attorney fees;

(3) Sufficiency of the evidence to support the conclusion that claimant is entitled to compensation benefits at the rate of $94.62 per week.

We recently stated in Bond v. St. Regis Paper Company, ____Mont.____, ____P.2d____, 34 St.Rep. 1237, 1238 (1977):

> "The function of this Court is to determine whether there is substantial evidence to support the findings and conclusions of the Workers' Compensation Court. Flansburg v. Pack River Co., ____Mont.____, 561 P.2d 1329, 34 St.Rep. 183 (1977); Kimball v. Continental Oil Co., ____Mont.____, 550 P.2d 912, 33 St.Rep. 517, (1976). This Court will not substitute its judgment for that of the trial court as to the weight of the evidence on questions of fact. Brurud v. Judge Moving & Storage Co., Inc., Employer and Transportation Insurance Co., ____ Mont.____, 563 P.2d 558, 34 St.Rep. 260 (1977). Where there is substantial evidence to support the findings of the Workers' Compensation Court, this Court will not overturn the decision. Skrukrud v. Gallatin Laundry Co., Inc., ____Mont.____, 557 P.2d 278, 33 St.Rep. 1191 (1976)."

Appellant raises two questions in its first issue; whether claimants disability is a compensable disability under Montana law and whether claimant has met her burden of proving that the accident of April 16, 1974, caused the onset of her disability. Appellant contends that claimant's problems were caused by a pre-existing condition and are therefore noncompensable, citing LaForest v. Safeway Stores, Inc., (1966) 147 Mont. 431, 414 P.2d 200.

The well-established rule in Montana is that an employer takes his employee subject to the employee's physical condition at the time of employment. Schumacher v. Employers Mutual Liability Insurance Co., (1977) ____Mont.____, ____P.2d____, 34 St.Rep. 1112; Birnie v. U. S. Gypsum Co., (1958) 134 Mont. 39, 328 P.2d 133; Peitz v. Industrial Accident Board, (1953) 127 Mont. 316, 264 P.2d

- 4 -

709. An employee who suffers from a pre-existing condition is entitled to compensation if such condition is aggravated by an industrial injury. Bond v. St. Regis Paper Co., supra; Rumsey v. Cardinal Petroleum, (1975) 166 Mont. 17, 530 P.2d 433; Weakley v. Cook, (1952) 126 Mont. 332, 249 P.2d 926.

LaForest v. Safeway Stores Inc., supra, is factually distinguishable from the instant case. In LaForest the claimant experienced pain in her left shoulder in February. She was examined by a physician who diagnosed her condition as chronic bursitis and treated her with cortisone. Two days later claimant returned to work. The following month claimant suffered an injury for which she sought compensation benefits. The District Court decision allowing claimant benefits was reversed by this Court on the basis of a determination that the claimant's disability was the result of a disease not traceable to injury and therefore noncompensable.

Here the record reflects that claimant was suffering no discomfort prior to the accident; she was able to perform her job with no orthopedic problems. The cases are therefore distinguishable upon their facts.

We find substantial evidence to support the Workers' Compensation Court's finding that claimant's injury aggravated her pre-existing condition and she was therefore disabled from the date of injury to April 6, 1976. Dr. Alexander Johnson, the doctor who performed surgery upon claimant, testified in his deposition:

> "Q. Now, with respect to Mrs. Close, do you have an opinion based on her description of discomfort and its continuousness, as to whether this kind of injury to the nerve root and continuing irritation did occur? A. Well, I would assume, as I believe I did indicate, that where there is a sequence of events from the time of the injury and a patient prior to injury who is asymptomatic, that I would assume there is some relationship as an inciting or aggravating factor even though a major portion of the problem pre-existed."

- 5 -

Appellant asks us to review the sufficiency of the evidence to support the finding that appellant is responsible for the medical and travel expenses incurred by claimant along with her attorney fees. This issue was neither briefed nor argued on appeal and is therefore deemed waived.

Appellant finally asks us to review the weekly compensation rate of $94.62 established for claimant by the Workers' Compensation Court. Appellant argues that claimant was less than a 40 hour per week employee and she is therefore being over compensated. Claimant's testimony clearly reflects that she worked 40 hours per week during the months preceding her injury with the exception of periods of illness. Appellant chose not to rebut this testimony. Sufficient evidence is therefore present to support the finding.

Judgment affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 6 -