No. 85-92

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

MABEL C. TENDERHOLT,

      Claimant and Respondent,

   -vs-

TRAVEL LODGE INTERNATIONAL,  Employer,

   and

ROYAL INSURANCE COMPANY OF AMERICA,

      Defendant and Appellant.

_____

APPEAL FROM:  The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Herndon, Harper & Munro; James G. Edmiston, Billings,
Montana

    For Respondent:

        Lynaugh, Fitzgerald & Hingle; Michael Eiselein,
Billings, Montana

_____

Submitted on Briefs: July 11, 1985

Decided: December 5, 1985

Filed: DEC - 5 1985

_____
               Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The Workers' Compensation Court held that claimant's disability was proximately caused by an industrial accident while working at Travel Lodge International (Travel Lodge) and awarded Mabel C. Tenderholt temporary total disability benefits. Travel Lodge and Royal Insurance Company of America (Royal Insurance) appeal. We affirm.

The issues on appeal are:

1. Did the Workers' Compensation Court err in concluding that Mrs. Tenderholt's disability was proximately caused by an industrial accident while employed at Travel Lodge?

2. Is Royal Insurance entitled to seek indemnity from subsequent insurers?

In September 1981, while employed as a maid for Travel Lodge, Mrs. Tenderholt experienced a sharp pain in her back as she unraveled the cord of a vacuum cleaner. She finished her shift and went home. Later that evening, she went to the emergency room after increased pain made it impossible for her to walk without her husband's help. At the emergency room, X-rays were taken, medication prescribed and advice given to see a specialist, Dr. Hayward.

Dr. Hayward, an orthopedic surgeon, saw Mrs. Tenderholt on October 6, October 16, November 13 and December 11, 1981. During the November visit, Dr. Hayward advised her that she could probably return to work the following week but should wear a corset.

Travel Lodge accepted liability for Mrs. Tenderholt's injury and paid weekly temporary total disability benefits through November 15, 1981.

Mrs. Tenderholt sought to return to work at Travel Lodge but was told her position had been filled. On or about

November 20, 1981, she went to work at Lewis and Clark Inn as a maid and worked until April 1982. In August 1982, she went to work as a maid for Picture Court Motel. After a month, she returned to Lewis and Clark Inn where she remained until back pain caused her to quit, in May 1983.

Mrs. Tenderholt returned to Dr. Haywood for office visits on January 11, January 20, February 3, March 16 and April 11, 1984. After extensive examination, she was diagnosed as having extra dural defects and possibly a herniated nucleus pulposus. In order to relieve the pressure, Dr. Hayward recommended surgery, which requires exploration of three different levels in the spine. In July 1984, Mrs. Tenderholt filed a claim against Travel Lodge. In December 1984, the Workers' Compensation Court ordered Royal Insurance to pay temporary total disability benefits until Mrs. Tenderholt submits to and recovers from surgery.

Did the Workers' Compensation Court err in concluding that Mrs. Tenderholt's disability was proximately caused by an industrial accident while employed at Travel Lodge?

At issue is the question of whether Mrs. Tenderholt's injury ever reached a medically stable condition. Stated otherwise, was Mrs. Tenderholt's low back injury restored as far as the permanent character of her injuries would permit?

Travel Lodge and its insurer argue that Mrs. Tenderholt's low back injury reached a point of maximum healing prior to the time she returned to work as a maid at another motel. Mrs. Tenderholt contends she has suffered constant pain since the industrial accident at Travel Lodge, and that her low back injury never reached a medically stable condition.

In his testimony, Dr. Hayward stated that Mrs. Tenderholt had reached a medically stable condition in

December 1981. Travel Lodge argues that this terminates its responsibility for the first injury, and that the subsequent injury therefore should be charged to subsequent employers. Normally that would be an appropriate conclusion. However, following his 1984 examinations, Dr. Hayward concluded that the herniated nucleus pulposus was a development which can be medically traced back to the original back injury and is not a separate problem.

The court found Mrs. Tenderholt to be a credible witness. Mrs. Tenderholt unequivocally testified that from the time of the first injury in 1981 up until the 1984 examinations by Dr. Hayward, she continued to experience the same, constant, severe pain in her lower back. In addition, she testified that there were no intervening events in subsequent employments which had aggravated her back or constituted a reinjury.

The Workers' Compensation Court concluded that Mrs. Tenderholt's present disability was proximately caused by the original 1981 industrial accident while employed at Travel Lodge.

This Court will not reverse the Workers' Compensation Court on the issue of proximate cause unless the findings of fact or conclusions of law are clearly erroneous. Rule 52(a), M.R.Civ.P., states in pertinent part:

> Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.

Findings of fact are not clearly erroneous if supported by substantial credible evidence. As this Court stated in Olson v. Westfork Properties, Inc. (1976), 171 Mont. 154, 157, 557 P.2d 821, 823:

> This Court's function . . . is not to substitute its judgment in place of the trier of facts but

4

rather it is "confined to determining whether there is substantial credible evidence to support" the findings of fact and conclusions of law. Although conflicts may exist in the evidence presented, it is the duty and function of the trial judge to resolve such conflicts. His findings will not be disturbed on appeal where they are based on substantial though conflicting evidence.

The court's findings were based on conflicting evidence. "[T]his Court's function on review is confined to determining whether there is substantial evidence to support the findings, and not to determine whether there is sufficient evidence to support contrary findings." Davis v. Mtn. West Farm Bur. Mut. Ins. Co. (Mont. 1985), 701 P.2d 351, 353, 42 St.Rep. 840, 843.

While we have not set forth all of the testimony on the part of Mrs. Tenderholt and Dr. Hayward, we have reviewed the record carefully. There is substantial credible evidence to support the Workers' Compensation Court's conclusion that Mrs. Tenderholt's disability was proximately caused by an industrial accident while employed at Travel Lodge.

In view of this holding, we are not required to address the second issue with regard to indemnity from subsequent insurers. Because Travel Lodge is responsible for the benefits to be paid to the claimant, it has no right to seek indemnity from a third party. See Belton v. Carlson Transport (Mont. 1983), 658 P.2d 405, 40 St.Rep. 158.

We affirm the Workers' Compensation Court.

_____
Justice

5

We Concur:

_____
                Chief Justice

_____
John Conway Harrison

_____

_____
        Justices

6