No. 86-327

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

RONALD EVELEIGH,

      Claimant and Appellant,

   -vs-

L.E. MYERS, CO., INC.,  Employer,

    and

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH,

      Defendant and Respondent.

---

APPEAL FROM:  The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Larry R. Meyer, Stevensville, Montana

    For Respondent:

        Garlington, Lohn & Robinson; Larry W. Jones,
        Missoula, Montana

---

Submitted on Briefs:  Sept. 18, 1986

Decided:  January 2, 1987

Filed:  JAN 2 - 1987

_Clerk_

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from a judgment of the Workers' Compensation Court denying claimant disability benefits at this time. Both parties appeal. We affirm.

On March 1, 1983, claimant Ronald Eveleigh suffered a work-related injury to his lower back when he accidentally drove a caterpiller tractor into a ditch. At the date of injury, Eveleigh was employed by the L.E. Myers Company, which was provided workers' compensation coverage by National Union Fire Insurance Company of Pittsburgh (both of whom are hereinafter referred to as L.E. Myers).

Shortly after the accident, Eveleigh experienced stiffness and pain in his lower back and left hip. He first sought medical attention on April 11, 1983, when he saw Dr. O.W. Baltrusch, who diagnosed lower back pain and probable muscle strain. Eveleigh was later referred to orthopedic surgeon Dr. James Burton on September 29, 1983, who diagnosed a muscle and ligament strain. Dr. Burton later testified that Eveleigh had reached a medically stable condition by April 11, 1983.

Eveleigh was laid off by L.E. Myers on April 29, 1983. He immediately applied for unemployment insurance benefits, stating in his application that he was able and available to work and had no medical condition which prevented him from accepting immediate employment as an equipment operator. Eveleigh received unemployment benefits for five months by signing weekly a card indicating that he had no medical condition preventing him from accepting employment.

From the time he was laid off by L.E. Myers in April, 1983, Eveleigh remained unemployed for more than fourteen months. During this time, Eveleigh remained active around

his small farm, constructing fences and a pole barn, installing plumbing and irrigation pipes as well as hunting and fishing. The Workers' Compensation Court found that during this fourteen month span, Eveleigh did not significantly change his life style as a result of his back injury.

Eveleigh ultimately returned to work on July 23, 1984, as a heavy equipment operator for the Commonwealth Electric Company. After a few days with Commonwealth, Eveleigh complained of debilitating back pains which prevented him from performing heavy manual labor. He was ultimately laid off by Commonwealth on January 13, 1985, and has not worked since. After being laid off by Commonwealth Electric, Eveleigh applied for and received unemployment benefits. In his application, Eveleigh again stated that he had no medical condition which prevented him from accepting immediate employment. The court further found that Eveleigh had not been actively seeking employment since September 6, 1985, because he was winterizing his home.

In June, 1985, Eveleigh brought this case before the Workers' Compensation Court. That court found that first, Eveleigh was not entitled to temporary total disability benefits; second, Eveleigh was not entitled to permanent partial disability benefits at this time; third, Eveleigh was not entitled to a twenty percent penalty; and fourth, Eveleigh was not entitled to an award of attorney's fees and costs.

Eveleigh now appeals, arguing that he is entitled to permanent partial disability benefits, a twenty percent penalty and an award of attorney's fees and costs.

Eveleigh first argues that the Workers' Compensation Court erred in its denial of his claim for permanent partial

3

disability benefits. Eveleigh elected to seek permanent partial disability benefits under § 39-71-703, MCA, for his actual loss of earning capacity. The Workers' Compensation Court, however, held that Eveleigh had failed to prove that any loss of earning capacity was due to his industrial injury.

This Court's function on appeal is strictly confined to determining whether the lower court's findings of fact and conclusions of law are supported by substantial credible evidence. Tenderholt v. Travel Lodge International (Mont. 1985), 709 P.2d 1011, 1013, 42 St.Rep. 1792, 1794-95. Where, as in this case, conflicts exist in the evidence presented, it is the duty and function of the trial court to resolve such conflicts; we will not disturb its findings so long as they are based on substantial evidence. Tenderholt, 709 P.2d at 1013.

Our review of the record reveals considerable support for the court's findings. We find no error. We therefore affirm the District Court's denial of permanent partial disability benefits. We further deny Eveleigh's claim for a twenty percent penalty and attorney's fees and costs.

It is so ordered.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

4