No. 87-129

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

TIM I. MARTIN,

        Claimant and Appellant,

  -vs-

PHILLIPS PETROLEUM CO., Employer,
       and
THE HARTFORD INSURANCE COMPANY,

        Defendants and Respondents.

---

APPEAL FROM:  The Workers' Compensation Court, The Honorable
               Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lawrence A. Anderson, Great Falls, Montana

    For Respondent:

        Marra, Wenz, Johnson & Hopkins; Thomas A. Marra,
        Great Falls, Montana
        Ugrin, Alexander, Zadick & Slovak; J. David Slovak,
        Great Falls, Montana

---

Submitted on Briefs:  Oct. 22, 1987

Decided:  December 31, 1987

Filed:  DEC 31 1987

*Ethel M. Harrison*
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Mr. Martin appeals from a judgment of the Workers' Compensation Court denying his petition for medical benefits. We affirm.

One issue resolves this appeal: Did the Workers' Compensation Court err in finding that Mr. Martin failed to prove causation?

Mr. Martin has a history of injury to his left shoulder. In 1972, he bruised the shoulder and collarbone in a motorcycle accident. In 1977 or 1978, he missed work for a week after injuring the shoulder during off-work hours while lifting a pool table at a bar.

In September 1978, Mr. Martin injured his left shoulder while lifting a 100 pound sack of salt. The injury occurred in the course of his employment with Phillips Petroleum Co. (Phillips). Phillips was insured by the Hartford Insurance Co. (Hartford) at that time. Mr. Martin filed a claim for compensation, and Hartford paid medical benefits and wage compensation. Mr. Martin's physicians eventually released him to return to employment without restrictions. While Hartford is a party to this action, no claim that it bears continuing liability remains.

In February 1981, Mr. Martin injured his left shoulder while lifting an oil barrel in the course of his employment with Phillips. At that time, Phillips was self-insured, and Mr. Martin properly filed a claim under the Workers' Compensation laws. Mr. Martin did not lose any work time, but was placed on light duty and obtained treatment from a physical therapist and physicians. Although Mr. Martin was released to return to full duty at work, he continued to suffer discomfort in his shoulder.

2

Mr. Martin was transferred to a Phillips facility in Texas in November 1981. After he worked one day operating a jackhammer and one day on a job out in the rain and snow, his shoulder began to bother him enough that he reported the condition to his supervisor. He saw another doctor, who prescribed a muscle relaxant and an analgesic. Shortly thereafter, Mr. Martin returned to Montana and quit his job with Phillips, for reasons unrelated to his shoulder problem.

Since he quit Phillips, Mr. Martin has had periods of unemployment and has worked as a bartender and bar manager. He continues to suffer from left shoulder pain and has consulted physicians who have suggested a course of testing and possible surgery on the shoulder. Mr. Martin asked the Workers' Compensation Court to rule that these current medical expenses are compensable.

The court ruled that Mr. Martin has not proven by a preponderance of the credible medical evidence that his February 1981 injury is the cause of his present condition. It ruled Phillips is not liable for current medical benefits to Mr. Martin.

Did the Workers' Compensation Court err in finding that Mr. Martin failed to prove causation?

The lower court concluded that "[c]laimant has failed to carry his burden of proof to show that his present condition is a result of any injury he may have suffered on February 22, 1981 at Phillips Petroleum." Mr. Martin argues that the medical testimony he submitted, especially that of Dr. Nelson, supports the claim that his present condition is related to his February 1981 work injury.

Dr. Nelson testified by deposition that he saw Mr. Martin on March 19, 1985. Mr. Martin related to Dr. Nelson that he injured his shoulder in 1978 while he was lifting a

salt sack at work. Mr. Martin also described his February 1981 work-related injury. Dr. Nelson did not have in his notes any reference to the 1972 motorcycle accident injury, the pool table injury, or the 1981 injury in Texas. Based on the information he had, Dr. Nelson opined that the 1978 and February 1981 injuries and Mr. Martin's current condition "are, indeed, related."

The record also contains depositions of several other doctors. Dr. Johnson first saw Mr. Martin on October 30, 1985. He diagnosed Mr. Martin as suffering from a supra-scapular notch stretch injury since 1977. The history Dr. Johnson was given included the pool table injury, the 1978 work-related injury, and the February 1981 work-related injury. Dr. Johnson's opinion was that "[a]ny one of those [injuries] could have caused [Mr. Martin's present condition] or aggravated it."

Dr. McGregor testified by deposition that he first saw Mr. Martin after the February 1981 work injury. Mr. Martin did not mention to Dr. McGregor the motorcycle or pool table injuries. Dr. McGregor testified that he released Mr. Martin to return to work April 20, 1981, without restrictions.

Dr. Popnoe testified that he first saw Mr. Martin in 1978, after the salt sack injury. The last time Dr. Popnoe treated Mr. Martin was in April 1981.

A claimant under the Workers' Compensation Act must prove his case by a preponderance of the probative credible evidence. Dumont v. Wickens Bros. Const. Co. (1979), 183 Mont. 190, 201, 598 P.2d 1099, 1106. Unless they are clearly erroneous, this Court will not reverse the findings and conclusions of the Workers' Compensation Court on causation. Tenderholt v. Travel Lodge Intern. (Mont. 1985), 709 P.2d 1011, 1012, 42 St.Rep. 1792, 1794. While Mr. Martin has presented some evidence in support of his claim, his evidence

is essentially incomplete because it is based on inadequate knowledge of Mr. Martin's prior medical history. Dr. Nelson, who stated that Mr. Martin's current condition and his 1978 and February 1981 work injuries are related, did not have the benefit of information on several of Mr Martin's previous injuries to his shoulder.

We hold that substantial evidence supports the lower court's conclusion that Mr. Martin failed to prove by a preponderance of the credible medical evidence that his February 1981 injury is the cause of his present condition. Given the absence of proof of causation, we need not address the other two issues on maximum healing.

Affirmed.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices